DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 INTRODUCTION {¶ 1} Ernest Bewley was charged with domestic violence in 1997. When he pleaded guilty to that misdemeanor charge in municipal court he was accompanied only by a certified legal intern working for the Akron Legal Defender's Office. There was no supervising attorney present with the intern in court at that time. The Ohio Supreme Court requires that legal interns be accompanied in court by supervising attorneys at all times unless the client, the supervising attorney, and the judge consent to the intern appearing alone. In this case, there was no evidence that either Mr. Bewley or the judge hearing the matter *Page 2 
had consented to allowing the legal intern to appear in court without her supervising attorney. Thus, Mr. Bewley's plea was taken without the assistance of counsel and without a valid waiver of his Sixth Amendment right to counsel. Ten years after that conviction, Mr. Bewley was again charged with domestic violence. This time he was indicted for a fourth degree felony due to his prior conviction for violation of a similar city ordinance. Mr. Bewley moved to prohibit the use of that uncounseled prior conviction to enhance the penalty for his current charge. As an uncounseled conviction cannot be used to enhance the penalty for a later charge, this Court affirms the trial court's order granting the motion to suppress evidence of Mr. Bewley's prior conviction.
 FACTS {¶ 2} In November 2006, Mr. Bewley was indicted on one count of domestic violence. Normally, a violation of Section 2919.25 of the Ohio Revised Code for domestic violence is a misdemeanor. The State of Ohio indicted Mr. Bewley, however, on a fourth degree felony for the domestic violence charge based upon his prior conviction for violation of a similar city ordinance. In response, Mr. Bewley moved the court to prohibit use of his prior conviction to enhance the penalty in his current case, arguing that he was deprived of his Sixth Amendment right to counsel when he pleaded guilty to the prior charge.
 {¶ 3} The trial court held an evidentiary hearing on the matter. Mr. Bewley testified that he was arrested and charged with domestic violence in 1996. *Page 3 
At that time, he was charged with a misdemeanor. He qualified for the legal services of the Legal Defender's Office and remembers "a young lady" from that office representing him. The "young lady" he recalled from 1996 is Barbara Rogachefsky. At the time she represented Mr. Bewley, Ms. Rogachefsky was a law student, certified by the Ohio Supreme Court as a legal intern, and was working at the Legal Defender's Office in Akron. Both sides agree that Ms. Rogachefsky did a competent job representing Mr. Bewley.
 {¶ 4} Mr. Bewley testified that he remembered signing a document consenting to be represented by the Legal Defender's Office, but that he did not recall meeting with anyone other than Ms. Rogachefsky. Mr. Bewley testified that his signature did appear on the consent form introduced into evidence at the hearing. This form provided consent for Mr. Bewley to be represented by "the Legal Defender Off ice [,] . . . its staff attorneys, and its legal interns under the supervision of Joseph S. Kodish, Director and Attorney at Law."
 {¶ 5} On February 28, 1997, Mr. Bewley appeared in Akron Municipal Court with Ms. Rogachefsky and entered a plea of guilty to the domestic violence charge in case number 96CRB14787. Mr. Bewley was sentenced to 90 days in jail with 80 days suspended upon condition that he participate in the Time Out Program and do 10 days of community service.
 {¶ 6} Joseph S. Kodish testified that he has been the director of the Legal Defender Office of Summit County since 1973. He testified that his office policy *Page 4 
was to have interns introduce themselves to clients as interns and advise each client that he has a right to a lawyer and that one would be provided upon request. Although Ms. Rogachefsky could not specifically recall whether she told Mr. Bewley that she was an intern, she did confirm that her habit was to introduce herself to each new client in this manner and to assure each client that a lawyer would be provided upon request.
 {¶ 7} As will be discussed more fully later, Rule II of the Supreme Court of Ohio Rules for Government of the Bar regulates legal representation by law student interns and their supervising attorneys. Rule II contains language forbidding legal interns to make court appearances without a supervising attorney present. The rule does allow for an exception if the client, the supervising attorney, and the judge all consent to the intern appearing alone. Gov. Bar R. II, Section 5(D). Mr. Kodish testified that he believed the "Consent to and Acknowledgment of Representation" form that Mr. Bewley signed in the 1996 case met the requirements of that rule. He testified that this same form has been used by the Legal Defender's Office for as long as he can recall.
 {¶ 8} The form was divided into two parts. The top part provided:
 In accordance with Rule II . . . I, Ernest Bewley Jr., having been determined indigent by the Court and assigned to the Legal Defender Office for legal counsel, do hereby consent to be represented by said *Page 5 
office, its staff attorneys, and its legal interns under the supervision of Joseph S. Kodish, Director and Attorney at Law.
Following this language were three signature lines marked "Defendant," "Supervising Attorney," and "Witness." Mr. Bewley signed over the word "Defendant" and Mr. Kodish signed over the words "Supervising Attorney." The "Witness" line remained blank. The bottom part of the form provided:
 I,____________________, supervising attorney, hereby authorize___________________, legal intern, to appear in the ____________ Municipal Court of Ohio in case number _________________ without my presence.
Following this language there were just two signature lines marked "Supervising Attorney" and "Judge." The "Supervising Attorney" line bore the signature of Mr. Kodish. The line marked "Judge" was blank. Mr. Kodish testified that it was his habit to sign these forms, as the "Supervising Attorney" on both the top and bottom of the form, before creating copies via a photocopier. These pre-signed forms were then used by the other licensed attorneys as well as legal interns when meeting with clients. Mr. Kodish testified that his photocopied signature appeared on both the top and bottom parts of the consent form Mr. Bewley signed for the 1996 case.
 {¶ 9} Mr. Kodish testified that the Legal Defender's Office did not actually require a supervising attorney to appear in court with a legal intern except for jury trials. Generally, a supervising attorney would be present only if necessary to aid the intern. Ms. Rogachefsky testified, in response to a question *Page 6 
regarding the office policy on supervising attorneys attending plea proceedings, that it was "hit and miss." She testified that supervising attorneys were only present in the courtroom with interns at plea proceedings when needed for some reason and when one was available. Mr. Kodish testified that four to six licensed attorneys from his office were always present at Akron Municipal Court, even if they were not present in a given courtroom with an intern. These attorneys were available at various times to answer any questions the interns may have had throughout the day.
 {¶ 10} Mr. Kodish testified that each intern was responsible for making the judge in each case aware of her status as an intern. Ms. Rogachefsky, however, was unable to testify regarding whether the judge in Mr. Bewley's case was aware that she was a legal intern and not a licensed attorney at the time of Mr. Bewley's 1997 plea proceeding. According to Mr. Kodish, Akron Municipal Court judges generally "accept . . . [the] interns as if they were attorneys[,] unless there's something that is out of the ordinary."
 {¶ 11} Neither Mr. Bewley nor Ms. Rogachefsky could recall any licensed attorney from the Legal Defender's Office being present at Mr. Bewley's 1997 plea proceeding. Mr. Bewley testified that he assumed Ms. Rogachefsky was a licensed attorney and only recently learned she was actually a legal intern at the time she represented him. He claimed that he never met her supervising attorney and never gave permission for a legal intern to appear on his behalf in court in the *Page 7 
absence of a supervising attorney. In fact, Mr. Bewley testified that he did not recall anyone else from the Legal Defender's Office being present for any meeting or court appearance, including the plea proceeding. Ms. Rogachefsky testified that she could not recall anything about this case that would have required the attention of a supervising attorney at the plea proceeding. She refused to answer, on the grounds of attorney-client privilege, a question regarding whether Mr. Bewley had consented to allow her to represent him as an intern without a supervising attorney present.
 {¶ 12} Nothing in the written record revealed whether a supervising attorney was present for the plea proceeding. Although the plea proceeding had been audiotape recorded, court policy required that tape to be destroyed after three years. Therefore, there is no official court record available regarding the 1997 plea proceeding.
 STANDARD OF REVIEW {¶ 13} Mr. Bewley captioned his pre-trial motion as one "to dismiss indictment or in alternative amend indictment to misdemeanor." The trial court referred to it as a motion in limine/motion to strike. Regardless of the title, Mr. Bewley's motion sought to prohibit the State from using his prior conviction for domestic violence in Akron Municipal Court case number 96CRB14787 for sentencing enhancement purposes in this case. The Ohio Supreme Court has held:
 [a]ny motion, however labeled, which, if granted, restricts the state in the presentation of certain evidence and, thereby, renders the *Page 8 
state's proof with respect to the pending charge so weak in its entirety that any reasonable possibility of effective prosecution has been destroyed, is, in effect, a motion to suppress. The granting of such a motion is a final order and may be appealed[.]
State v. Davidson, 17 Ohio St. 3d 132, syllabus (1985); Crim. R. 12(K). In a case such as this one, in which the proposed enhancement "transforms the crime itself by increasing its degree" and not merely the penalty, the prior conviction becomes an essential element of the crime charged. State v. Brooke, 113 Ohio St. 3d 199, 2007-Ohio-1533, at ¶ 8 (citing State v. Allen, 29 Ohio St. 3d 53, 54 (1987)). As with any other element, the prior conviction must be alleged and proven by the state. Id. Thus, the trial court's granting of Mr. Bewley's motion has precluded effective prosecution of the felony indictment against him. Therefore, this Court will treat Mr. Bewley's motion as a motion to suppress.
 {¶ 14} A motion to suppress presents a mixed question of law and fact. The Supreme Court has noted:
 [w]hen considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses. Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard. *Page 9 
State v. Burnside, 100 Ohio St. 3d 152, 2003-Ohio-5372, at ¶ 8
(citations omitted); But see, State v. Metcalf, 9th Dist. No. 23600,2007-Ohio-4001, at ¶ 14 (Dickinson, J., concurring).
 USE OF PRIOR CONVICTIONS TO ENHANCE PENALTY {¶ 15} Mr. Bewley was charged with the crime of domestic violence under Section 2919.25(A) of the Ohio Revised Code. Normally, a violation of this section would be a misdemeanor of the first degree. R.C. Section2919.25(D)(2). Section 2919.25(D)(3), however, increases the charge to a felony of the fourth degree for a second offense. Mr. Bewley has argued that the State should not be permitted to use his prior domestic violence conviction to enhance the potential penalty for his current charge because his initial conviction was constitutionally infirm. He bases this conclusion on his assertion that when he pleaded guilty to the previous charge, he was without legal counsel and had not knowingly waived that right.
 {¶ 16} Generally, the law does not permit a criminal defendant to attack a previous conviction in a subsequent case. State v. Brooke,113 Ohio St. 3d 199, 2007-Ohio-1533, at ¶ 9. There is an exception, however, "when the state proposes to use the past conviction to enhance the penalty of a later criminal offense." Id. In that situation, a defendant may attack the constitutionality of a prior conviction if it was obtained in violation of the defendant's Sixth Amendment right to counsel. Id. "An uncounseled conviction cannot be used to enhance the penalty *Page 10 
for a later conviction if the earlier conviction resulted in a sentence of confinement." Brooke, 113 Ohio St. 3d 199, at ¶ 12 (citingNichols v. United States, 511 U.S. 738, 749 (1994)). The Supreme Court of Ohio has held that uncounseled convictions, obtained without a valid waiver of the Sixth Amendment right to counsel, are "constitutionally infirm." Id. at ¶ 9 (citing State v. Brandon, 45 Ohio St. 3d 85, 86
(1989); Nichols v. United States, 511 U.S. 738 (1994)).
 {¶ 17} If a defendant questions the use of a prior conviction based on his having entered an uncounseled plea in the earlier case, the burden is on the defendant to make "a prima-facie showing of constitutional infirmity." Brooke, 113 Ohio St. 3d 199, at ¶ 11 (citing State v.Brandon, 45 Ohio St. 3d 85, syllabus (1989)). In order to meet that burden, the defendant must present evidence showing that his earlier plea was uncounseled and resulted in a sentence of confinement.Id. at ¶ 11. Then the burden shifts to the state to prove the defendant's right to counsel was properly waived. Id. In order to meet its burden, the State must prove there was a knowing, voluntary, and intelligent waiver of the defendant's Sixth Amendment right to counsel.Id. at ¶ 25. In this case the Court must consider whether Mr. Bewley's 1997 conviction was uncounseled and, if so, whether he knowingly, voluntarily, and intelligently waived his Sixth Amendment right to counsel. *Page 11 
 REPRESENTATION BY A LEGAL INTERN {¶ 18} The first question is whether Mr. Bewley was represented by counsel when he pleaded guilty to his first domestic violence charge in Akron Municipal Court in 1997. The State has argued that Mr. Bewley was represented by legal counsel at that time as Ms. Rogachefsky appeared on his behalf. Mr. Bewley has argued that he was without counsel as there was no licensed attorney present on his behalf. The parties agree that Ms. Rogachefsky was a properly certified legal intern, but not a licensed attorney, at the time she represented Mr. Bewley. The parties also agree that Mr. Bewley signed the top part of the consent form allowing for representation by "the Legal Defender Office[,] . . . its staff attorneys, and its legal interns." The State has argued that this consent was sufficient to permit a legal intern to represent Mr. Bewley in court, even without a supervising attorney present.
 {¶ 19} Mr. Bewley, however, has argued that the Legal Defender's Office did not follow the procedure required by the Ohio Supreme Court for representation by legal interns. Mr. Bewley has testified that he assumed Ms. Rogachefsky was a licensed attorney. He also testified that he was never asked whether he consented to her representation in court without a supervising attorney present. Mr. Bewley has argued that this was an uncounseled plea because he was represented in court, without his knowledge or consent, by an intern without a supervising attorney present. Additionally, Mr. Bewley has pointed out that there *Page 12 
is no evidence that the judge hearing the plea proceeding approved of an intern appearing for that proceeding without a supervising attorney present. In fact, there is no evidence in what remains of the record that anyone brought to the judge's attention at the time of the plea proceeding that Ms. Rogachefsky was a legal intern and not a licensed attorney.
 {¶ 20} Section 4705.01 of the Ohio Revised Code provides that "[n]o person shall be permitted to practice as an attorney and counselor at law . . . unless the person has been admitted to the bar by order of the supreme court. . . ." The Ohio Supreme Court has created an exception to this requirement that allows for the limited practice of law by legal interns. This exception is found at Rule II of the Supreme Court Rules for the Government of the Bar of Ohio. Rule II allows a law student who meets certain requirements to apply to the Ohio Supreme Court for an intern certificate. A properly certified legal intern is permitted to represent clients under the supervision of a licensed attorney, provided "the person obtaining legal assistance from the legal intern consents in writing to the legal intern's representation." Gov. Bar R.II, Section 5(A)(1). The rule specifies that the supervising attorney "shall be present with the legal intern in court . . . except as provided by Section 5(D) of this rule." Gov. Bar R.II, Section 7(A). Section 5(D) of Rule II provides that:
 [a] legal intern shall not appear before any court . . . in the absence of a supervising attorney, unless the supervising attorney and the client consent in writing or on the record, and the absence of the supervising attorney is approved by the judge . . . hearing the matter. *Page 13 
Gov. Bar R.II, Section 5(D).
 {¶ 21} The plain language of Rule II provides that a legal intern "shall" not appear in court without the presence of a supervising licensed attorney, except under certain conditions. This language appears in Section 7(A), regarding the duties of the supervising attorney, as well as in Section 5(D), regarding the duties of the legal intern. In order for a legal intern to make an in-court appearance without the presence of the supervising attorney, both the client and the supervising attorney must consent "in writing or on the record" and the judge must also "approve" of the arrangement. The Supreme Court's language and organization of the rule indicate that this requirement is separate from, and in addition to, the consent required from the client to permit an intern to initially become involved in the case. Gov. Bar R.II, Section 5(A)(1); State v. Anthony, 5th Dist. No. CA 4695,1977 WL 201020, at *1.
 {¶ 22} In this case, the consent form used by the Legal Defender's Office failed to meet the requirements found in Rule II. The bottom part of the form was intended to permit a legal intern to appear in court unaccompanied by a supervising attorney. The form, however, did not have a place for the client to give consent to that exceptional circumstance. Section 5(D) of Rule II requires that both the supervising attorney and the client "consent in writing or on the record" to allow an intern to appear alone in court. This is separate from the initial consent of the client to allow an intern to be involved in the case. That initial *Page 14 
consent requirement is found in Section 5(A)(1) of Rule II. The top part of the Legal Defender's Office form met this initial requirement for the client to consent in writing to allowing an intern to become involved in his case. The form, however, did not have a signature line for the client on the bottom part of the form. That is the part that offered consent for an intern to appear in court without a supervising attorney present. As the form did not provide an opportunity for the client to give his written consent, the only remaining option would have been for the client to give his verbal consent on the record in open court. In this case, however, the audiotape of this 1997 proceeding was destroyed, pursuant to court policy, years before the State sought to use this conviction against Mr. Bewley. Thus, the State is unable to prove that Mr. Bewley gave his consent to be represented in court by a legal intern without a supervising attorney present.
 {¶ 23} There is an additional problem with the Legal Defender's Office consent form as it was used in this case. That the form was not signed by the judge. Section 5(D) of Rule II of the Supreme Court Rules for the Government of the Bar of Ohio requires that the judge hearing the matter must "approve" of the intern appearing in court unaccompanied by a supervising attorney. In this case, although there was a line provided on the bottom section of the consent form for the judge's signature, that line remained blank. Thus, there is no evidence the judge gave his written approval for the intern to appear alone. *Page 15 
 {¶ 24} The State has argued that the judge's acceptance of the plea is sufficient to indicate his approval of a legal intern appearing for the accused, unaccompanied by a supervising attorney. The primary problem with this argument is that it presupposes the judge was actually aware that the representative of the accused was a legal intern rather than a licensed attorney. Mr. Kodish testified in this case that it was office policy for the intern to inform the judge of her status as a legal intern. Section 7(A) of Rule II provides that it is the duty of the supervising attorney, rather than the intern, to "ensure that the judge . . . is informed of the legal intern's status as a legal intern." Furthermore, the requirement that the judge hearing the matter approve of an intern representing the accused without a supervising attorney present is found in a separate section of the rule. Rule II, Section 5(D). The requirement found in Section 7(A) of the rule is meant to ensure that the judge hearing the matter is aware that a person who is not a licensed attorney is appearing on behalf of a client in court. The requirement found in Section 5(D) of the rule elicits specific consent from the judge to allow an unlicensed attorney to represent a client in court without the assistance of a supervising attorney.
 {¶ 25} As mentioned previously, Ohio law generally allows only licensed attorneys to practice law. O.R.C. 4705.01. The Ohio Supreme Court has carved out an exception to allow law students some exposure to the practice prior to graduation. The restrictions of Rule II, however, must be scrupulously adhered to *Page 16 
for the protection of the clients involved. The Supreme Court rule does not specify the form the judge's approval is to take, but it does require active approval of the extraordinary circumstance of a legal intern appearing in court unaccompanied by a supervisor. The rule requires clear approval in the form of something other than the mere continuation of the proceedings. The bottom part of the consent form, quoted above, provided language sufficient to put the judge on notice of the situation and allow for his consent to permit an intern to appear alone in his court. There is no evidence, however, that the judge taking Mr. Bewley's 1997 plea, consented to Ms. Rogachefsky representing Mr. Bewley without a supervising attorney present.
 {¶ 26} The judge in Mr. Bewley's case may, in fact, have been aware of this situation and may have given his consent on the record in open court. That record, however, is not available at this time. Thus, the State is unable to prove that the judge taking Mr. Bewley's 1997 plea approved of a legal intern representing Mr. Bewley in his courtroom without a supervising attorney present. As the requirements of Rule II of the Supreme Court Rules for the Government of the Bar of Ohio have not been met, Mr. Bewley did not have the assistance of counsel during his 1997 plea proceeding in Akron Municipal Court.
 {¶ 27} This case does not require an answer to the more fundamental question of whether, had all the requirements of Rule II been met, a legal intern appearing in court without the presence of a supervising attorney would have *Page 17 
constituted "counsel" as contemplated by the Sixth Amendment. In this case, Mr. Bewley did not have the benefit of counsel during the 1997 plea proceeding as there is no evidence that either Mr. Bewley or the judge hearing the plea consented to a legal intern appearing in court without a supervising attorney present. There is also no evidence that a licensed attorney attended the plea proceeding on Mr. Bewley's behalf. Thus, Mr. Bewley did not have the assistance of counsel when he entered his plea in Akron Municipal Court in 1997. The next question is whether Mr. Bewley properly waived his right to counsel.
 WAIVER OF THE RIGHT TO COUNSEL {¶ 28} The Sixth Amendment to the Constitution of the United States of America provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to . . . have the assistance of counsel for his defense." If an uncounseled conviction results in a sentence of confinement, that conviction cannot be used to enhance the penalty for a later conviction. Brooke, 113 Ohio St. 3d 199, at ¶ 12 (citingNichols v. United States, 511 U.S. 738, 749 (1994)). Mr. Bewley's 1997 conviction in Akron Municipal Court resulted in a sentence of confinement and this Court has determined Mr. Bewley was without counsel at the time of his plea. Therefore, in order to meet its burden in this case, the State must prove there was a knowing, voluntary, and intelligent waiver of Mr. Bewley's right to counsel when he entered his guilty plea in 1997. Id. at ¶ 11. *Page 18 
 {¶ 29} The Supreme Court of Ohio has held that "any waiver of counsel must be made on the record in open court." Brooke, 113 Ohio St. 3d 199, at ¶ 24. A knowing, voluntary, and intelligent waiver cannot be presumed from a silent record. Id. at ¶ 25 (citing State v. Wellman,37 Ohio St. 2d 162, at paragraph two of the syllabus (1974)). Thus, "[t]he record must show, or there must be an allegation and evidence which shows, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver." Id. (quoting State v.Wellman, 37 Ohio St. 2d 162, at paragraph two of the syllabus (1974) (citing Carnley v. Cochran, 369 U.S. 506 (1962))).
 {¶ 30} In this case, there is no evidence that Mr. Bewley intelligently rejected an offer of counsel for the 1997 plea proceeding in municipal court. In fact, the evidence, according to Mr. Bewley, is that he believed he had legal counsel. He has claimed that at the time that Ms. Rogachefsky represented him, he was unaware that she was a not a licensed attorney. The State has not argued that Mr. Bewley properly waived his right to counsel. The State has argued merely that he was competently represented by a legal intern from the Legal Defender's Office. Ms. Rogachefsky's competence, however, is not at issue. It is her credentials that are being questioned. Both parties agree that Ms. Rogachefsky was not a licensed attorney at the time she represented Mr. Bewley. Furthermore, there is no transcript or audiotape of the municipal court proceedings available at this point, more than 10 years later. Thus, the record is silent as to whether Mr. *Page 19 
Bewley properly waived his right to counsel when he pleaded guilty to domestic violence in 1997. This Court cannot presume a knowing, voluntary, and intelligent waiver of counsel from a silent record.Brooke, 113 Ohio St. 3d 199, at ¶ 25 (citing State v. Wellman,37 Ohio St. 2d 162, at paragraph two of the syllabus (1974)). Accordingly, Mr. Bewley did not waive his Sixth Amendment right to counsel for the 1997 municipal court plea proceeding.
 {¶ 31} Mr. Bewley's argument that the State should not be permitted to use his prior domestic violence conviction to enhance the potential penalty for his current charge is well taken. Mr. Bewley's 1997 domestic violence conviction was uncounseled and was obtained without a valid waiver of his Sixth Amendment right to counsel. Therefore, that conviction is constitutionally infirm and cannot be used to enhance the penalty for any subsequent charge of domestic violence. Brooke,113 Ohio St. 3d 199, at ¶ 9 (citing State v. Brandon, 45 Ohio St. 3d 85, 86
(1989); Nichols v. United States, 511 U.S. 738 (1994)).
 CONCLUSION {¶ 32} The trial court's order granting Mr. Bewley's motion in limine/motion to strike the use of his prior conviction for domestic violence in Akron Municipal Court case number 96CRB14787 for sentencing enhancement purposes, which amounts to a motion to suppress evidence of the prior conviction, is affirmed. Mr. Bewley's previous plea was taken without the benefit of legal counsel and in the absence of a knowing, voluntary, and intelligent waiver of his *Page 20 
Sixth Amendment right to counsel. As Mr. Bewley's uncounseled plea was taken in violation of his Constitutional right to counsel, that conviction cannot be used to enhance the penalty for a subsequent charge under Section 2919.25(D)(3).
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
 Costs taxed to appellant. *Page 21 
SLABY, P. J. CONCURS