JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, the state of Ohio, appeals from the November 13, 2006 judgment of the Cuyahoga County Court of Common Pleas granting defendant-appellee's, George Putich's, motion to dismiss the felony OVI indictment against him. After reviewing the record and the pertinent case law, we reverse and remand.
 {¶ 2} On June 2, 2006, the Cuyahoga County Grand Jury returned a one-count indictment charging Putich with a fourth degree felony, driving under the influence ("OVI"), in violation of R.C.4511.19(A)(1)(a). The indictment also *Page 3 
indicated that Putich refused to submit to a chemical test under R.C.4511.191. Putich entered a plea of not guilty to the offense.
 {¶ 3} This offense is ordinarily a misdemeanor; however, it was charged as a fourth degree felony since the indictment specified that Putich had three prior OVI convictions within the past six years.[1]
The indictment specified that Putich had previously been convicted of OVI in Parma Municipal Court on or about September 17, 2001; in Avon Mayor's Court on or about September 20, 2000; and in Cleveland Municipal Court on or about May 22, 2000.
 {¶ 4} Prior to trial, Putich filed a "motion to dismiss the felony OVI complaint based on prior uncounseled conviction [in Avon Mayor's Court] ([alternatively, [m]otion in [l]imine)." He attached a certified copy of his Avon Mayor's Court file to the motion. The trial court held a hearing on November 8, 2006.
 {¶ 5} At the evidentiary hearing, the state presented one witness, an employee with the city of Avon, Clerk of Courts, Jill Clements ("clerk").[2] At the time of the hearing, she had been employed there for approximately eight years. She *Page 4 
testified that as part of her duties, she is present in the courtroom when the magistrate conducts hearings. She described the general court procedures for defendants who are charged with OVI:
 {¶ 6} "* * * [The defendants] are explained their rights * * * because of the possibility of jail. [The magistrate] lets them know all the rights to trial, they don't have to testify against themselves, if they want the right to an attorney and they can't afford it, they can transfer the case to Avon Lake Municipal Court. If not, they can ask for a continuance to obtain an attorney and they will come back."
 {¶ 7} The clerk further testified that a "general rights form" is given to all the defendants. She stated that the form explains that the defendants are in court because they were cited for a violation. She testified that the defendants sign the form after the magistrate advises them of their rights and possible penalties.
She then reviewed exhibit A and identified it as the "rights form" signed by Putich. She stated that the form was dated October 25, 2000. The clerk also testified that she saw Putich sign the form.[3] She additionally reviewed exhibit B and identified it as Putich's Avon Mayor's Court "disposition form," and stated that Putich entered a plea of no contest, the magistrate found him guilty, and sentenced *Page 5 
him. The clerk also indicated that exhibits A and B were true and accurate copies of the records kept in Avon Mayor's Court.
 {¶ 8} On cross-examination, the clerk acknowledged that exhibits A and B did not state that Putich knowingly and voluntarily waived his right to counsel. She further stated that Avon Mayor's Court did not record Putich's hearing.
 {¶ 9} The state rested its case. Putich rested his case without calling any witnesses.
 {¶ 10} The trial court, by journal entry, granted Putich's "motion to dismiss the felony OVI complaint based on prior uncounseled conviction[.]" In the same judgment entry of November 13, 2006, the court also struck the prior conviction in Avon Mayor's Court from the indictment stating, "* * * [Putich] did not knowingly, intelligently, and voluntarily waive his right to counsel on the record or in open court as to the Avon conviction."
 {¶ 11} It is from this judgment that the state filed its notice of appeal, and raises as its sole assignment of error:
 {¶ 12} "The trial court erred in granting the appellee's motion to dismiss felony OVI complaint based on prior uncounseled conviction. (Trials [sic] Court's Journal Entry filed November 13, 2006)."
 STANDARD OF REVIEW {¶ 13} The Ohio Supreme Court has held, "any motion, however labeled, which, if granted, restricts the state in the presentation of certain evidence and, *Page 6 
thereby, renders the state's proof with respect to the pending charge so weak in its entirety that any reasonable possibility of effective prosecution has been destroyed, is, in effect, a motion to suppress. The granting of such order is a final order and may be appealed pursuant to R.C. 2945.67 and Crim.R. 12(J)." State v. Davidson(1985),17 Ohio St.3d 132, syllabus.
 {¶ 14} In State v. Bewley, 9th Dist. No. 23693, 2007-Ohio-7026, at_13, the defendant filed a motion to dismiss the indictment or in the alternative to amend the indictment to a misdemeanor; however, the trial court referred to it as a motion in limine or a motion to strike. Id. The appellate court stated that regardless of the title, the defendant sought to prohibit the state from using his prior conviction. Id. The granting of the motion precluded effective prosecution of the felony indictment against the defendant and the motion was treated as a motion to suppress. Id.
 {¶ 15} In the instant case, Putich sought to prohibit the state from using his prior conviction to enhance his OVI charge to a felony. The trial court's granting of Putich's motion restricted the state in its presentation of evidence and precluded effective prosecution of the felony indictment against him. Therefore, this court will treat his motion as a motion to suppress.
 {¶ 16} "Appellate review of a motion to suppress presents a mixed question of law and fact. When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses. State v. Mills (1992), 62 Ohio St.3d 357, *Page 7 
366 * * *. Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence.State v. Fanning (1982), 1 Ohio St.3d 19 * * *." State v. Burnside,100 Ohio St.3d 152, at_8. However, with respect to the trial court's conclusion of law, we apply a de novo standard of review and decide whether the facts satisfy the applicable legal standard. Id., citingState v. McNamara (1997), 124 Ohio App.3d 706.
 PROOF OF PRIOR CONVICTIONS {¶ 17} The state contends that Putich failed to prove that his prior conviction in Avon Mayor's Court was uncounseled. Putich, however, maintains that his prior conviction was uncounseled and, therefore, it cannot be used to enhance his OVI charge to a felony.
 {¶ 18} The Ohio Supreme Court has stated that when a prior conviction does not simply enhance the penalty, but increases the degree of the offense itself, the prior conviction is an essential element of the crime and the state must prove it beyond a reasonable doubt. State v.Brooke, 113 Ohio St.3d 199, 2007-Ohio-1533, at_8, citing State v.Allen (1987), 29 Ohio St.3d 53, 54.
 {¶ 19} When the state intends to use a past conviction to enhance the penalty of a later criminal offense, a defendant can challenge that past conviction if the conviction was constitutionally infirm.Brooke, at_9. "A conviction obtained against a defendant who is without counsel, or its corollary, an uncounseled conviction *Page 8 
obtained without a valid waiver of the right to counsel, has been recognized as constitutionally infirm." Id., citing State v.Brandon (1989), 45 Ohio St.3d 85, 86.
 {¶ 20} In State v. Adams (1988), 37 Ohio St.3d 295, paragraph two of the syllabus, the Ohio Supreme Court held: "[w]hen a defendant raises a constitutional question concerning a prior conviction, he must lodge an objection as to the use of this conviction and he must present sufficient evidence to establish a prima facie showing of a constitutional infirmity." A defendant can present an affidavit, testimony, or other evidence to support his or her argument. State v.Neely, 11th Dist. No. 2007-L-054, 2007-Ohio-6243, at_18.
 {¶ 21} The Supreme Court stated more recently in Brooke: `"[w]here questions arise concerning a prior conviction, a reviewing court must presume all underlying proceedings were conducted in accordance with the rules of law and a defendant must introduce evidence to the contrary in order to establish a prima-facie showing of constitutional infirmity.'Brandon at the syllabus. Once a prima facie showing is made that a prior conviction was uncounseled, the burden shifts to the state to prove that there was no constitutional infirmity. Id. at 88. For purposes of penalty enhancement in later convictions under R.C. 4511.19, when the defendant presents a prima facie showing that prior convictions were unconstitutional because they were uncounseled and resulted in confinement, the burden shifts to the state to prove that the right to counsel was properly waived." Brooke at_11. *Page 9 
 {¶ 22} At the outset, we determine that Putich objected to the use of his prior conviction when he filed his motion to dismiss, attaching a certified copy of his Avon Mayor's Court file. However, the record is silent as to whether Putich was in open court with counsel, retained or appointed, at the time of his conviction. Putich asserts that there is no transcript of the hearing and no record of a knowing and voluntary waiver of counsel, which is prima facie evidence that he was uncounseled.
 {¶ 23} This court stated in State v. McKinley (Feb. 6, 1986), 8th Dist. No. 50016, 1986 Ohio App. LEXIS 5563, at 14: "[w]hen the defendant presents evidence via a silent record that he was denied counsel or that the prior guilty plea is invalid, the burden of proof must shift to the prosecution * * *."
 {¶ 24} However, this court modified the McKinley decision in State v.Maynard (1987), 38 Ohio App.3d 50, at syllabus. We stated, "* * * [a] defendant cannot rely on a silent record and, thus, has the burden of challenging an apparently constitutional prior conviction with some evidence that he was not afforded his right to counsel. Once the defendant has presented some evidence on the issue, the state has the burden of proof to show the constitutional validity of the prior conviction."
 {¶ 25} Similar to the instant case, in State v. Hopkins (Mar. 1, 2000), 9th Dist. No. 98CA007159, 2000 Ohio App. LEXIS 725, at 3, a recording of the trial court proceeding did not exist. The defendant did not offer evidence that he was uncounseled at his prior conviction. Id. at 5. "Rather, [the defendant] pointed to the court record in the prior case, and asserted that it did not affirmatively show that his *Page 10 
prior conviction was constitutionally sound." Id. at 6. The court concluded that the defendant had not presented prima facie evidence of a constitutional infirmity and, thus, presumed regularity of the proceedings in the prior conviction. Id.
 {¶ 26} Also, in State v. Perkins (June 22, 1998), 12th Dist. No. CA97-10-047, 1998 Ohio App. LEXIS 2785, at 4, the defendant argued that his prior conviction was uncounseled and in support he offered his sentencing entry, which did not indicate whether he was represented by counsel. The court concluded that Perkins failed to produce evidence that his prior conviction was uncounseled; thus, the court presumed he was counseled. Id.
 {¶ 27} In this case, the record reveals that Putich did not submit any evidence to establish a prima facie showing that his prior conviction was constitutionally infirm. He did not submit an affidavit nor testify at the hearing that his prior conviction was uncounseled or that he did not validly waive counsel. Additionally, pursuant to Maynard,Hopkins, and Perkins, Putich cannot rely on the silent record. Absent a prima facie case for constitutional infirmity, "a reviewing court must presume all underlying proceedings were conducted in accordance with the rules of law." Brandon, supra, at the syllabus.
 {¶ 28} The Supreme Court further explained in Brandon, that the burden of presenting sufficient evidence to establish a prima facie showing that his prior convictions were uncounseled is not difficult. Id. at 88. "Had [Brandon's] counsel simply asked [him] during testimony whether his prior convictions were counseled, a *Page 11 
negative response would have established a prima-facie showing of constitutional infirmity. This one question and answer would have then placed on the state the burden of proving that [Brandon's] prior convictions were counseled. Because [Brandon] failed to meet his burden, we presume his prior convictions were counseled and that, therefore, the convictions could be used to enhance his penalty in the case before us * * *." Id.
 {¶ 29} In addition, a defendant may also easily meet this burden by filing a motion prior to trial, along with an affidavit stating he or she was unrepresented by counsel and did not validly waive their right to counsel, or other evidence showing the same. See Brooke at_31.
 {¶ 30} Since Putich did not establish a prima facie showing, the burden never shifted to the state to prove otherwise. Therefore, this court must presume the prior conviction was constitutionally firm.
 {¶ 31} Thus, the state's assignment of error is well taken and sustained.
 {¶ 32} Accordingly, the judgment of the Cuyahoga County Court of Common Pleas is reversed and remanded for further proceedings consistent with this decision.
It is ordered that appellant recover from appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. *Page 12 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
CHRISTINE T. McMONAGLE, J., CONCURS; SEAN C. GALLAGHER, P.J., CONCURS WITH SEPARATE CONCURRING OPINION
[1] Under R.C. 4511.19(G)(1)(d), "* * * an offender who, within six years of the offense, previously has been convicted of or pleaded guilty to three or four violations of division (A) or (B) of this section or other equivalent offenses * * * is guilty of a felony of the fourth degree."
[2] We note that since defendant-movant bears the burden to produce prima facie evidence that his prior conviction was constitutionally infirm, Putich was required to present first at the evidentiary hearing. See State v. Brooke, 113 Ohio St.3d 199, 2007-Ohio-1533, at_11.
[3] The form states in relevant part, "You have the right to securelegal counsel to represent you in this case. (Emphasis sic.) If you do not have counsel, you have the right to request a continuance to secure a lawyer. Every person has the right [to] make his or her own defense without counsel, but, if you are in doubt as to your proper course, you should consult with competent legal counsel."