{¶ 33} I concur with the majority opinion; however, I write separately to address the burden-shifting approach and the waiver of counsel issue.
 {¶ 34} The majority correctly refers to the most recent Ohio Supreme Court decision concerning prior uncounseled DUI convictions that are used for enhancement purposes, State v. Brooke, 113 Ohio St.3d 199,2007-Ohio-1533. As held in Brooke: "An uncounseled conviction cannot be used to enhance the penalty for a later conviction if the earlier conviction resulted in a sentence of confinement." Id. at 202, citingNicols v. United States (1994), 511 U.S. 738, 749.
 {¶ 35} In Brooke, the court recognized that where questions arise concerning an uncounseled prior conviction, a burden-shifting analysis is required. The initial burden is upon the defendant to establish a prima facie showing that his prior conviction was uncounseled. Id. at 202. This is because "`[w]here questions arise concerning a prior conviction, a reviewing court must presume all underlying *Page 13 
proceedings were conducted in accordance with the rules of law and a defendant must introduce some evidence to the contrary in order to establish a prima-facie showing of constitutional infirmity.'" Id., quoting State v. Brandon, 45 Ohio St.3d 85, syllabus (emphasis added). Thus, in order for the defendant to meet his burden, the defendant must present some evidence showing that his prior convictions were unconstitutional because they were uncounseled and resulted in confinement. See id. It is not until the defendant has met his burden that the burden shifts to the state to prove that the right to counsel was properly waived. See id.
 {¶ 36} In Brooke, the court found that the defendant met her burden because she had provided an affidavit that she was unrepresented by counsel and sentenced to confinement. Id. The court indicated that this was a sufficient showing to raise the issue of whether or not her waiver was valid and, therefore, the burden shifted to the state to prove that the right to counsel was properly waived. Id. Subsequent to theBrooke decision, appellate cases have found a defendant may meet his burden where the parties stipulate that the defendant was not represented by a licensed attorney, where the record reflects that the prior conviction was uncounseled, or where the defendant provides an affidavit, testimony or other evidence to prove that he was uncounseled. See State v. Bewley, Summit App. No. 23693, 2007-Ohio-7026; State v.Combs, Lorain App. No. 07CA009173, 2007-Ohio-7035; State v. Noble, Lorain App. No. 07CA009083, 2007-Ohio-7051; State v. Neely, Lake App. No. 2007-L-054, 2007-Ohio-6243. Where the defendant fails to provide any *Page 14 
evidence to prove that his prior conviction was uncounseled, he has failed to establish a prima facie showing of constitutional infirmity and a reviewing court must presume the underlying proceeding was conducted in accordance with the rules of law. State v. Brandon (1989),45 Ohio St.3d 85, 88; State v. Neely, supra.
 {¶ 37} Nevertheless, I am troubled by the standard applied to challenges of uncounseled convictions, as used in this case. I believe the defendant's initial burden of offering "evidence" is inconsistent with other similar pretrial challenges to the use of state's evidence. In most instances, a motion containing notice with specificity is sufficient to shift the burden. State v. Crothers, Clinton App. No. CA2003-08-020, 2004-Ohio-2299; see, also, State v. Shindler,70 Ohio St.3d 54, 1994-Ohio-452; and Xenia v. Wallace (1988), 37 Ohio St.3d 216.
 {¶ 38} In this instance, the majority focuses on Brooke's reference to "presuming regularity in the proceedings below," as a means of supporting the viability of the underlying conviction. We must, however, keep in mind that it is not the underlying conviction that is being challenged, rather it is the use of that conviction to enhance thecurrent offense that is at issue. Indeed, we presume the conviction is proper, but it is the evidence of counsel being present, or a valid waiver in counsel's absence, that must be established.
 {¶ 39} Significantly, the use of a prior conviction to enhance the degree of the offense is an element of the offense that must be proved by the state. The requirement by the defendant to offer "evidence," rather than simply notice and *Page 15 
specificity, creates a process where the defendant must offer actual "evidence" at a pretrial proceeding to challenge an element of the crime the state must prove by evidence beyond a reasonable doubt. While I find this to be inconsistent with other evidentiary challenges, I nevertheless must apply the law as directed by the Ohio Supreme Court.
 {¶ 40} In Brooke, the supreme court clearly applied the more stringent standard of "evidence" from the Brandon decision. Brooke,113 Ohio St.3d at 202, citing Brandon, 45 Ohio St.3d 85. Because of this, I must concur with the majority opinion and analysis.
 {¶ 41} The majority correctly determines from the record in this case that "Putich did not submit any evidence to establish a prima facie showing [that] his prior conviction was constitutionally infirm. He did not submit an affidavit nor testify at the hearing that his prior conviction was uncounseled * * *." Because Putich failed to establish a prima facie showing for constitutional infirmity, the majority correctly presumes regularity in the proceeding and presumes the prior convictions were counseled.
 {¶ 42} Because the burden never shifted to the state to prove that the right to counsel was properly waived, the majority does not address the waiver of counsel issue. However, I am compelled to address this important aspect of the case.
 {¶ 43} Had Putich presented evidence to establish that his prior convictions were unconstitutional because they were uncounseled and resulted in confinement, *Page 16 
the burden would have shifted to the state to show that the right to counsel was properly waived. The central question as to this aspect of the case is not whether a signed waiver of counsel exists, it is whether the written waiver signed by Putich established that he knowingly, voluntarily, and intelligently waived his right to counsel.
 {¶ 44} While Brooke did tell us that we could presume regularity in the proceedings below, this did not extend to proof that a defendant knowingly, intelligently, and voluntarily waived counsel.Brooke analyzed the prior convictions in the context of whether they fell into the category of "petty" misdemeanor offenses or "serious" misdemeanor offenses.[4] Brooke, 113 Ohio St.3d at 202-203. In this instance, Putich's second conviction, a "petty" misdemeanor offense, was challenged.
 {¶ 45} The most striking aspect of the Brooke decision is the supreme court's insistence that all prior convictions, whether petty or serious, require evidence of a knowing, intelligent and voluntary waiver. Id. at 303. "`[P]resuming a waiver of the Sixth Amendment right of an accusedto the assistance of counsel from a silent record is impermissible. Therecord must show, or there must be an allegation and evidence whichshows, that an accused was offered counsel but intelligently and *Page 17 understandingly rejected the offer. Anything less is not waiver'"Brooke, 113 Ohio St.3d at 204, quoting State v. Wellman (1974),37 Ohio St.2d 162 (emphasis added). This goes beyond the mere completion of a pre-printed form. Only a "serious" offense also requires a written form in addition to the evidence that the waiver was knowingly, intelligently, and voluntarily entered. Brooke, 113 Ohio St.3d at 206. The supreme court has, perhaps surprisingly, created a rigid requirement that a colloquy, or its equivalent, must exist to establish a proper waiver. Id.
 {¶ 46} This is not to suggest that a written waiver alone can never satisfy the requirement in the face of a silent record that a valid waiver occurred. In fact, in Brooke, the second prior conviction, like the conviction here, contained a written waiver. Id. at 205. That waiver, however, was far more detailed than the waiver before us in this case. The second waiver in Brooke came from a case out of the Willoughby Municipal Court. Id. The form in that case contained language that established a colloquy, or meaningful dialogue, between the court and Brooke that established a valid waiver. Id.
 {¶ 47} In the present case, we have no findings by the court or language in the form establishing a knowing, intelligent, and voluntary waiver. Id. The testimony of the clerk that she remembers Putich signing the form in open court does not satisfy the constitutional requirements. Further, the fact that "defendants are explained their rights" by a mayor's court magistrate does not establish a meaningful colloquy or its equivalent in this specific instance. There is simply no evidence of a valid *Page 18 
waiver in this case, as required by Brooke, supra.[5] Nevertheless, because Putich never presented evidence to establish a prima facie showing that his prior conviction was uncounseled, I am compelled to concur with the majority in this case.
[4] Crim.R. 2(C) defines "serious offense" as any felony, and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months, while Rule 2(D) defines "petty offense" as a misdemeanor other than a serious offense.
[5] It should be noted that the "rights form" that was introduced in this case was dated October 25, 2000. The indictment incorrectly lists Putich's plea and conviction as September 20, 2000. *Page 1