JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Appellant, Conrad Jackman, appeals his conviction for operating a vehicle while intoxicated ("OVI"). After a thorough review of the record, and for the reasons set forth below, we affirm.
 {¶ 2} On November 14, 2006, appellant was indicted on one count of OVI under R.C. 4511.19, with specifications of five prior convictions, a fourth degree felony. On February 8, 2007, appellant filed a motion to suppress his field sobriety tests, claiming they were not in substantial compliance with the National Highway Traffic Safety Administration ("NHTSA") guidelines. He also filed a motion to quash the indictment on the grounds that his prior convictions had not been counseled.
 {¶ 3} The trial court held a hearing on the motion to quash on February 22, 2007, and on February 27, 2007, it held a hearing on the motion to suppress. Both motions were denied. Appellant pleaded no contest on February 27, 2007. On April 19, 2007, the trial court sentenced him to a suspended 30-month sentence and two years of community control sanctions.
 {¶ 4} The incident that lead to this appeal occurred on September 3, 2006, when Olmsted Falls police officer Kimberly Flood stopped appellant for failure to stop at a stop sign. The officer smelled alcohol and requested that appellant perform field sobriety tests, including the horizontal gaze nystagmus test, the walk-and-turn test, and the one-legged stand test. After appellant failed these tests, he was arrested for OVI. When he arrived at the police department, appellant refused a breathalyzer *Page 4 
test; therefore, the "look back" provisions of R.C. 4511.19 were invoked, and it was discovered that appellant had five prior OVI convictions within a 20-year period.
 {¶ 5} Appellant appeals, citing four assignments of error.
 Motion to Quash — Uncounseled Convictions {¶ 6} "I. The trial court erred in overruling the defendant's motion to quash as the state failed to prove that certain prior DUI convictions were counseled."
 {¶ 7} Appellant argues that the trial court erred when it overruled his motion to quash. More specifically, he alleges that the state failed to prove that his prior OVI convictions were counseled. This argument is without merit.
 {¶ 8} Under R.C. 4511.19(A)(2), "[n]o person who, within twenty years of the conduct described in division (A)(2)(a) of this section, previously has been convicted of or pleaded guilty to a violation of this division, division (A)(1) or (B) of this section, or a municipal OVI offense shall * * * operate any vehicle * * * while under the influence of alcohol * * * [and] subsequent to being arrested * * * [and] being asked by a law enforcement officer to submit to a chemical test * * * [and] refuse to submit to the test."
 {¶ 9} Under R.C. 4511.19(G)(1)(d), "an offender who, within twenty years of the [present OVI] offense, previously has been convicted of or pleaded guilty to five or more OVI violations * * * is guilty of a felony of the fourth degree."
 {¶ 10} Appellant alleges that his prior convictions, which were used to enhance this OVI offense to a felony under R.C. 4511.19(G)(1)(d), were uncounseled; therefore, they cannot be used as prior convictions to enhance this offense. At the *Page 5 
February 22, 2007 hearing, appellant conceded that his second and third prior convictions were counseled offenses; however, he argues that his first, fourth, and fifth convictions were not counseled.
 {¶ 11} When a prior conviction does not simply enhance a penalty, but increases the degree of the offense, the prior conviction is an essential element of the crime, which the state must prove. State v.Brooke, 113 Ohio St.3d 199, 201, 2007-Ohio-1533, 863 N.E.2d 1024. "A conviction obtained against a defendant who is without counsel, or its corollary, an uncounseled conviction obtained without a valid waiver of the right to counsel, has been recognized as constitutionally infirm." Id. At the very least, any waiver of counsel must be made on the record in open court, and in cases involving serious offenses where the penalty includes confinement for more than six months, the waiver must also be in writing and filed with the court. Id. at 203.
 {¶ 12} Here, the state presented entries from the various municipal courts for appellant's first three convictions, which show that the convictions were counseled. In the first case, brought in the Rocky River Municipal Court on October 26, 1989, the record indicates that Attorney Davidson[1] represented appellant. In the second case, brought in the Berea Municipal Court on December 1, 1993, the record indicates that Attorney David Snow represented appellant. In the third case, brought in the Berea Municipal Court on April 11, 1995, the record indicates that Attorney James Meimaris represented appellant. The records for the first three convictions *Page 6 
clearly show that they were counseled convictions; however, appellant argues that although "it appears that two of the cases have an attorney's name written on the jacket, [the cases] fail to reflect counsel on the court record, [and some cases] have no recitation regarding counsel."
 {¶ 13} In the fourth case, brought in the Medina Municipal Court on March 29, 1996, the record indicates that appellant signed a written waiver of his right to an attorney. In the fifth case, brought in the Berea Municipal Court on September 19, 2001, the record indicates that appellant again signed a written waiver of his right to an attorney. Although the records in these cases indicate that appellant waived his right to counsel, appellant asserts that those waivers were not knowingly, intelligently, and voluntarily made on the record, in open court. Importantly, appellant offers no evidence in support of his assertions in any of the five convictions. Rather, he argues that the state carries the burden of proving that the convictions were counseled or that waivers were properly made.
 {¶ 14} "Where questions arise concerning a prior conviction, a reviewing court must presume all underlying proceedings were conducted in accordance with the rules of law and a defendant must introduce evidence to the contrary in order to establish a prima-facie showing of constitutional infirmity. Once a prima facie showing is made that a prior convictions were uncounseled, the burden shifts to the State to prove that there was no constitutional infirmity." Brooke, at 202.
 {¶ 15} In raising his constitutional question concerning his prior convictions, appellant had to present sufficient evidence to establish a prima facie showing of *Page 7 
constitutional infirmity. State v. Adams (1988), 37 Ohio St.3d 295,525 N.E.2d 1361. To establish a prima facie case, a defendant need only provide an affidavit or testimony supporting his allegation. State v.Putich, Cuyahoga App. No. 89005, 2008-Ohio-681.
 {¶ 16} Appellant has the burden of challenging his prior conviction with some evidence that he was not afforded his right to counsel.State v. Maynard (Apr. 6, 1987), Cuyahoga App. No. 51994. Appellant has not presented any evidence to establish his prima facie showing. InPutich, this court held that a defendant did not establish a prima facie showing because he had not submitted any evidence in support of his contention that his prior convictions were uncounseled. Putich, supra. Here, we have no transcripts from the various municipal courts, and appellant has presented no evidence that the first three convictions were uncounseled or that the counsel waivers were improper. Appellant did not provide an affidavit or testify at the hearing that his prior convictions were uncounseled or that he did not validly waive counsel. Because he did not establish this prima facie showing, the burden never shifted to the state; therefore, we presume the prior convictions were constitutionally firm. See Putich, supra.
 {¶ 17} Here, the transcript shows that the state submitted evidence of each conviction. The records in each of those convictions indicate that appellant was either counseled or waived his right to counsel, and appellant has provided no evidence that the waivers were not validly made. Accordingly, appellant's first assignment of error is overruled. *Page 8 
 Suppression of Field Sobriety Tests {¶ 18} Appellant's remaining assignments of error all deal with the trial court's failure to suppress the field sobriety tests.
 {¶ 19} "II. The trial court erred in failing to suppress the field sobriety tests because the state failed to enter into evidence the NHTSA Guidelines or introduce an expert attesting to the same."
 {¶ 20} Appellant argues that the trial court erred when it denied his motion to suppress. More specifically, he alleges that the field sobriety tests should have been suppressed because the state failed to introduce expert testimony regarding the NHTSA Guidelines. This argument is without merit.
 {¶ 21} In State v. Lloyd (Apr. 15, 1998), 7th Dist. No. 96 BA 31, the court stated that "our standard of review with respect to motions to suppress is whether the trial court's findings are supported by competent, credible evidence. State v. Winand (1996),116 Ohio App.3d 286, 288, 688 N.E.2d 9, citing Tallmadge v. McCoy (1994),96 Ohio App.3d 604, 645 N.E.2d 802. * * * [T]his is the appropriate standard because `in a hearing on a motion to suppress evidence, the trial court assumes the role of trier of facts and is in the best position to resolve questions of fact and evaluate the credibility of witnesses.' State v. Hopfer
(1996), 112 Ohio App.3d 521, 548, 679 N.E.2d 321. * * * However, once accepting those facts as true, we must independently determine, as a matter of law and without deference to the trial court's conclusion, whether the trial court met the applicable legal standard. * * *." Id. *Page 9 
 {¶ 22} Under Ohio case law, field sobriety test "results are admissible in Ohio without expert testimony so long as the proper foundation has been shown both as to the administering officer's training and ability to administer the test and as to the actual technique used by the officer in administering the test." State v.Boczar, 113 Ohio St.3d 148, 153, 2007-Ohio-1251, 863 N.E.2d 155.
 {¶ 23} Here, Officer Flood testified that she has made between 150 and 200 DUI arrests in her 16-year career; that she has had OVI training, including a class a week before trial; and that she was "very" familiar with the NHTSA standards. Officer Flood also testified regarding the tests performed on appellant. She testified that she had appellant perform the horizontal gaze nystagmus ("HGN") test. She explained to the court the purpose of the HGN test and what clues to look for. She explained that she had appellant perform a "walk-and-turn" and a "one-leg stand" test, both of which appellant failed. She explained what each test consisted of and how she administered it. She also testified that the tests were conducted within the NHTSA guidelines.
 {¶ 24} Under Ohio law, the state is not required to introduce the NHTSA guidelines or expert testimony. The state only has to show that the officer is trained to administer the test and that the officer properly administered the test. A review of Officer Flood's testimony shows that she was trained to conduct the tests and did so within the guidelines; therefore, the trial court properly denied appellant's motion to suppress the field sobriety tests. Accordingly, appellant's second assignment of error is overruled. *Page 10 
 {¶ 25} "III. The trial court erred in applying the strict compliance standard because Ohio Revised Code Section 4511.19(D)(4)(b) impermissibly violates the separation of powers doctrine and Article IV, Section 5(B) of the Ohio Constitution."
 {¶ 26} Appellant argues that the trial court erred when it applied the "substantial compliance" test required under R.C. 4511.19(D)(4)(b).[2]
More specifically, he alleges that R.C. 4511.19(D)(4)(b) is unconstitutional. This argument is without merit.
 {¶ 27} In State v. Homan, 89 Ohio St.3d 421, 2000-Ohio-212,732 N.E.2d 952, the Ohio Supreme Court held that police officers must administer field sobriety tests in strict compliance with the NHTSA guidelines; however, since Homan, "the General Assembly has amended R.C. 4511.19. Under the amended statute, the arresting officer no longer needs to have administered field sobriety tests in strict compliance with testing standards for the test results to be admissible at trial. Instead, an officer may now testify concerning the results of a field sobriety test administered in substantial compliance with the testing standards." (Emphasis added.) State v. Schmitt, 101 Ohio St.3d 79, 82, 2004-Ohio-37,801 N.E.2d 446.
 {¶ 28} Appellant alleges that the amendment of R.C. 4511.19 violates the Ohio Constitution and cites two Licking County Municipal Court cases in support of his argument. However, in Boczar, the Ohio Supreme Court held that the "substantial- *Page 11 
compliance standard adopted by amendment to R.C. 4511.19 does not violate Section 5, Article IV of the Ohio Constitution."Boczar, supra at 153.
 {¶ 29} According to the Ohio Supreme Court, "Homan was based on test procedures published by the National Highway Traffic Safety Administration, not the constitution, a statute, or even a rule of evidence. This case, however, involves a legislative mandate by which the General Assembly through its deliberative process has concluded that failure to strictly comply with test procedures affects the evidentiary value of field sobriety tests but that substantial compliance will not result in the tests' exclusion. The General Assembly has determined that the tests are sufficiently reliable to be admissible by meeting a clear-and-convincing standard. The potential compromise of reliability caused by the lack of strict compliance can be shown by the defense on cross-examination." Id.
 {¶ 30} Based on the Ohio Supreme Court's holding in Boczar, the trial court applied the appropriate standard in deciding that the tests were admissible. Accordingly, appellant's third assignment of error is overruled.
 {¶ 31} "IV. The trial court abused its discretion in failing to suppress the field sobriety tests because the tests were not administered in substantial compliance with the NHTSA Standards."
 {¶ 32} Appellant argues that the trial court erred in failing to suppress the field sobriety tests because the tests were not administered in "substantial compliance" with the NHTSA standards. More specifically, he alleges that Officer Flood failed to *Page 12 
properly administer various aspects of the field sobriety tests. This argument is without merit.
 {¶ 33} Appellant alleges that Officer Flood failed to test for pupil tracking, equal tracking, and vertical gaze nystagmus under the HGN test. He contends that the officer failed to properly instruct him and failed to ask him if he had any physical infirmities that would prevent him from completing the "walk-and-turn" test. These specific issues, now raised on appeal, were not part of the motion to suppress.
 {¶ 34} Under Crim.R. 47, a motion to suppress must state "with particularity the grounds upon which it is made and shall set forth the relief or order sought." In his motion to suppress, appellant only raised general concerns about the field sobriety tests without making a particular objection to any of the tests. In his motion to suppress, appellant simply stated that "the evidence will show several field sobriety tests were given to the Defendant: horizontal gaze nystagmus, walk-and-turn, and one-legged. The evidence will show that the officer failed to substantially comply with the required NHTSA guidelines."
 {¶ 35} As the court stated in State v. Johnson, Columbiana App. No. 05 CO 67, 2007-Ohio-602, "[i]n effect, Appellant is attempting to blindside the prosecution by raising a very general objection to the field sobriety tests with the trial court, and then devising a more specific objection on appeal after looking more closely at the testimony from the suppression hearing."
 {¶ 36} "When a defendant's motion to suppress raises only general claims * * * the burden imposed on the state is fairly slight. * * * With a general motion to *Page 13 
suppress, the state is only required to demonstrate, in general terms, that it substantially complied with the regulations. Unless the defendant raises a specific issue in a motion, specific evidence is not required." State v. Johnson (2000), 137 Ohio App.3d 847,739 N.E.2d 1249.
 {¶ 37} Here, Officer Flood testified as to how she administered the tests and that the tests substantially complied with the NHTSA standards. Appellant had the opportunity to cross-examine her regarding her testimony. He also had the opportunity to submit evidence that the standards were not met. He did not do so. "Our standard of review with respect to motions to suppress is whether the trial court's findings are supported by competent, credible evidence." State v. Lloyd (Apr. 15, 1998), 7th Dist. No. 96 BA 31.
 {¶ 38} Based upon the transcript, it is clear that, in relying upon Officer Flood's uncontradicted testimony, the trial court relied upon competent, credible evidence in determining that the field sobriety tests substantially complied with the NHTSA standards. Accordingly, appellant's fourth assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence. *Page 14 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, A.J., and PATRICIA ANN BLACKMON, J., CONCUR
[1] The record does not indicate Davidson's first name.
[2] We note that appellant's assignment of error indicates that he challenges the use of the "strict compliance" standard. However, as his brief makes clear, he takes issue with the use of the "substantial compliance" standard, and actually requests that this court apply the "strict compliance" standard. *Page 1