DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, the City of Cuyahoga Falls, appeals the judgment of the Cuyahoga Falls Municipal Court that suppressed evidence resulting from an investigatory stop. We reverse.
 {¶ 2} On August 23, 2007, Cuyahoga Falls police officer Christopher Norfolk noticed a black pickup stopped at the intersection of State Road and Portage Trail. The truck caught Officer Norfolk's attention because it was stopped approximately two car lengths away from the light, which Officer Norfolk characterized as "kind of out of the ordinary to stop so far back from the stop bar." *Page 2 
Officer Norfolk pulled out of his location and followed the truck at a distance. After losing sight of the truck briefly, he saw it again. This time, the vehicle was being driven behind closed businesses and its headlights were off. The time was around 3:00 a.m.
 {¶ 3} Officer Norfolk radioed other officers in the area for assistance in locating the truck. Officer James Deeks, who was running radar in the area at the time, responded. Officer Deeks watched as a truck that matched the description provided by Officer Norfolk pulled out of an access road behind the Community of Believers church, turned on its headlights, and drove south on State Road. Officer Deeks activated his lights and sirens and initiated an investigatory stop.
 {¶ 4} Officer Deeks administered field sobriety tests to Defendant, the driver of the truck, and determined that he was "too impaired to be driving." Defendant was charged with operating a motor vehicle under the influence of alcohol in violation of R.C. 4511.19(A)(1)(a) and driving with a prohibited breath alcohol content in violation of R.C.4511.19(A)(1)(d). Defendant pled not guilty and, on September 19, 2007, moved to suppress all evidence acquired as a result of the investigatory stop. The trial court granted Defendant's motion, and the City of Cuyahoga Falls appealed pursuant to Crim.R. 12(K).
 ASSIGNMENT OF ERROR "The trial court erred in determining that the State lacked reasonable articulable suspicion to justify a traffic stop when the arresting officers observed [Defendant] present behind closed businesses with the vehicle's headlights turned off." *Page 3 
 {¶ 5} An appellate court's review of a trial court's ruling on a motion to suppress presents a mixed question of law and fact. State v.Long (1998), 127 Ohio App.3d 328, 332. The trial court acts as the trier of fact during a suppression hearing and is best equipped to evaluate the credibility of witnesses and resolve questions of fact. State v.Hopfer (1996), 112 Ohio App.3d 521, 548, citing State v. Venham (1994),96 Ohio App.3d 649, 653. Accordingly, we accept the trial court's findings of fact so long as they are supported by competent, credible evidence. State v. Searls (1997), 118 Ohio App.3d 739, 741. Our application of the law to those facts, however, is de novo. Id.
 {¶ 6} The investigatory stop of an automobile is a seizure for purposes of the Fourth Amendment and, consequently, must be based on a law enforcement officer's reasonable suspicion that criminal activity may be afoot. See Terry v. Ohio (1968), 392 U.S.1, 30; State v.Ramsey, 9th Dist. No. 06CA009074, 2007-Ohio-6687, at ¶ 11. In justifying the stop, the officer "must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." Terry, 392 U.S. at 21. The reasonableness of the officer's actions is evaluated in light of the totality of the circumstances surrounding the stop. State v.Freeman (1980), 64 Ohio St.2d 291, paragraph one of the syllabus;State v. Rackow, 9th Dist. No. 06-CA-0066, 2008-Ohio-507, at ¶ 8. *Page 4 
 {¶ 7} In this case, Officer Deeks and Officer Norfolk articulated specific facts that led them to conclude that Defendant was engaged in criminal activity. "`While there may be some lawful reason for someone to be behind a closed commercial building in a truck with extinguished lights late at night, it requires exertion to conceive of such a reason.'" State v. Rhines (Aug. 10, 1994), 9th Dist. No. 16548, at *2, quoting State v. Howard (Mar. 31, 1993), 6th Dist. No. L-92-261, unreported, at 3.
 {¶ 8} The City's assignment of error is sustained, and the judgment of the trial court is reversed.
Judgment reversed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Cuyahoga Falls Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this *Page 5 
judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
 CARR, P. J. MOORE, J. CONCUR *Page 1