DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, the State of Ohio, appeals an order of Lorain County Court of Common Pleas that granted Defendant/Appellee Nelson Colon's motion to suppress evidence. We reverse.
 {¶ 2} On April 24, 2007, Defendant was indicted on one count of operating a vehicle under the influence of alcohol and/or a drug of abuse in violation of R.C. 4511.19(A)(1)(a), a fourth-degree felony, and one count of operating a vehicle under the influence of alcohol and/or a drug of abuse in violation of R.C. 4511.19(A)(2), a fourth-degree felony. Both counts were charged as fourth-degree felonies because the indictment specified that Defendant had "previously [h]ad been convicted of or pleaded guilty to five or more violations of division (A) or (B) of [R.C. 4511.19] * * * within twenty years of the offense[.]" See R.C. 4511.19(G)(1)(d). On March 10, 2008, Defendant moved the trial court to suppress "any testimony or any mention or the use of the DUI case from the Lorain Municipal Court, under Case No. 93TRC5571, as the *Page 2 
Defendant was not represented by an attorney in this case." This conviction occurred on March 23, 1994. On April 7, 2008, the trial court held a hearing on Defendant's motion and on April 24, 2008, the court granted Defendant's motion thereby suppressing the March 23, 1994 conviction. The State timely appealed and raises one assignment of error.
 Assignment of Error
"The trial court erred in granting [Defendant's] motion to suppress."
 {¶ 3} In its sole assignment of error, the State argues that the trial court erred when it granted Defendant's motion to suppress because Defendant failed under State v. Brooke, 113 Ohio St.3d 199,2007-Ohio-1533, to establish that his prior conviction was uncounseled. Although testimony at the suppression hearing demonstrated that the record of the prior conviction had been destroyed, the docket sheet or "shuck" demonstrates that Defendant was counseled. Specifically, the State points our attention to a typed line on a stamp on the shuck, which states that, "Def in court with counsel." The State notes that the typed line directly below that line is lined out, thereby indicating the trial court's intention to note that Defendant was represented by counsel. The State also further notes that Defendant could not say with absolute certainty that he was not represented and that the numerous entries indicating continuances of the pretrial further demonstrate that counsel was involved in the case.
 {¶ 4} Defendant argues that there is no evidence to establish that he was represented by counsel and accordingly, the burden shifted underBrooke to the State to demonstrate a valid waiver, which it failed to do. Defendant points our attention to the box on the left-hand side of the shuck that contains a line for the name of defense counsel that is blank. Defendant also cites to the testimony of the deputy clerk from Lorain County Clerk of Courts (Darla Urbanic) who testified that she could not say under oath that Defendant had an attorney in the case. *Page 3 
 {¶ 5} As we noted in City of Cuyahoga Falls v. Pollack, 9th Dist. No. 23988, 2008-Ohio-2024:
 "An appellate court's review of a trial court's ruling on a motion to suppress presents a mixed question of law and fact. The trial court acts as the trier of fact during a suppression hearing and is best equipped to evaluate the credibility of witnesses and resolve questions of fact. Accordingly, we accept the trial court's findings of fact so long as they are supported by competent, credible evidence. Our application of the law to those facts, however, is de novo." (Internal citations omitted). Id. at ¶ 5.
 {¶ 6} The trial court granted Defendant's motion after conducting a hearing and finding that,
 "[t]he evidence presented that the Defendant was not represented by an attorney, that he did not waive counsel in open Court, nor did he sign a written waiver of counsel."
 {¶ 7} We addressed the issue of the use of a prior conviction to increase the degree of a new charge in State v. Bewley, 9th Dist. No. 23693, 2007-Ohio-7026 citing Brooke, supra. We stated:
 "Generally, the law does not permit a criminal defendant to attack a previous conviction in a subsequent case. State v. Brooke, 113 Ohio St.3d 199, 2007-Ohio-1533, at ¶ 9. There is an exception, however, `when the state proposes to use the past conviction to enhance the penalty of a later criminal offense.' Id. In that situation, a defendant may attack the constitutionality of a prior conviction if it was obtained in violation of the defendant's Sixth Amendment right to counsel. Id. `An uncounseled conviction cannot be used to enhance the penalty for a later conviction if the earlier conviction resulted in a sentence of confinement.' Brooke at ¶ 12 citing Nichols v. United States, 511 U.S. 738, 749
(1994)). The Supreme Court of Ohio has held that uncounseled convictions, obtained without a valid waiver of the Sixth Amendment right to counsel, are `constitutionally infirm.' Id. at ¶ 9 citing State v. Brandon, 45 Ohio St.3d 85, 86 (1989); Nichols, supra.
 "If a defendant questions the use of a prior conviction based on his having entered an uncounseled plea in the earlier case, the burden is on the defendant to make `a prima-facie showing of constitutional infirmity.' Brooke at ¶ 11 (citing State v. Brandon (1989), 45 Ohio St.3d 85, syllabus.) In order to meet that burden, the defendant must present evidence showing that his earlier plea was uncounseled and resulted in a sentence of confinement. Id. at ¶ 11. Then the burden shifts to the state to prove the defendant's right to counsel was properly waived. Id. In order to meet its burden, the State must prove there was a knowing, voluntary, and *Page 4 
intelligent waiver of the defendant's Sixth Amendment right to counsel. Id. at ¶ 25." Bewley at ¶ 16-17.
 {¶ 8} Here, the issue is whether Defendant's 1994 conviction was uncounseled and resulted in confinement thereby shifting the burden to the State to establish waiver. See Brooke at ¶ 11. It is undisputed that the 1994 conviction resulted in confinement and there was no evidence that Defendant waived his right to counsel.
 {¶ 9} Defendant argues that the trial court correctly suppressed evidence of his 1994 conviction because there is no evidence he was counseled in that action. Defendant misunderstands his burden underBrooke, however. Brooke states that it is Defendant's burden to put forth prima facie evidence that he was uncounseled, not simply cast doubt onto whether he was counseled. Id. He failed to meet that burden. Defendant presented the following evidence: (1) the testimony of Urbanic, records clerk; and (2) his own testimony. Defendant's evidence, however, did not demonstrate that his plea and conviction were uncounseled. Urbanic acknowledged that there is a blank line on the shuck next to the words, "Atty. For Deft." but testified that she could not tell from looking at the records whether Defendant was represented by counsel. She did not testify that Defendant was uncounseled. Defendant testified during direct examination that he did not have an attorney representing him, but admitted during cross-examination that he did not have a specific recollection as to whether that was true and that he was counseled. Moreover, a notation on the shuck described above affirmatively indicated that, "Def [was] in court with counsel."
 {¶ 10} Under the facts of this case, Defendant did not meet his burden to provide prima facie evidence that he was uncounseled in the 1994 action as required by Brooke and the burden did not shift to the State to establish waiver. As such, there was not competent, credible evidence to support the trial court's order suppressing the 1994 conviction. SeePollack at ¶ 5. *Page 5 
 {¶ 11} The State's assignment of error is sustained and the judgment of the Lorain County Court of Common Pleas is reversed.
Judgment reversed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellee.
Moore, P. J. concurs.