UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

v.

YOLANDA PATRICE BLACK,
　　　　　*Defendant-Appellant.*

No. 02-4026

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
N. Carlton Tilley, Jr., Chief District Judge.
(CR-01-62)

Submitted: May 24, 2002

Decided: June 19, 2002

Before WILKINS, LUTTIG, and WILLIAMS, Circuit Judges.

---

Vacated and remanded by unpublished per curiam opinion.

---

**COUNSEL**

Tamura D. Coffey, WILSON & ISEMAN, L.L.P., Winston-Salem, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Paul A. Weinman, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Yolanda Patrice Black pled guilty to one count of mail fraud, 18 U.S.C. §§ 1341, 2 (1994), and was sentenced to a term of twenty-five months imprisonment. Black appeals her sentence, arguing that the district court erred in counting a prior suspended sentence for an uncounseled misdemeanor conviction in her criminal history. *U.S. Sentencing Guidelines Manual* §§ 4A1.1(c), (d), 4A1.2 (1998). For the reasons explained below, we vacate the sentence and remand for further proceedings.

Black had one prior North Carolina conviction for larceny of $100. When she was prosecuted for this offense, Black asked that counsel be appointed to represent her, but the state court judge, without making a finding concerning indigency, denied her petition on the ground that it was unlikely that she would be sentenced to a term of imprisonment. Black received a suspended sentence of forty-five days imprisonment, eighteen months probation, and a fine of $200.

When Black was sentenced for the instant offense, the district court assigned her three criminal history points—one point for the larceny sentence and two points for committing the instant offense while on probation. USSG § 4A1.1(c). This score placed her in category II. Black's offense level was 16. The resulting guideline range was 24-30 months.

At sentencing, Black argued that her larceny sentence should not be counted because the larceny conviction was constitutionally invalid under *Scott v. Illinois*, 440 U.S. 367, 373-74 (1979) (holding that, when no sentence of imprisonment is imposed, an indigent defendant charged with a misdemeanor has no constitutional right to counsel). Black maintained that her suspended sentence should be treated as a sentence of imprisonment. The district court decided that the sentence was properly counted, citing *Nichols v. United States*, 511 U.S. 738, 748-49 (1994) (reaffirming that no constitutional violation results when sentencing court considers sentence for prior uncounseled misdemeanor conviction if no prison term was imposed

for prior offense; overruling *Baldasar v. Illinois*, 446 U.S. 222 (1980)).

Black argues on appeal that *Nichols* is not dispositive because the prior sentence in that case was a fine, not a suspended sentence. Generally, a sentence for any conviction that has not been ruled constitutionally invalid in a prior proceeding is to be counted in a defendant's criminal history. USSG § 4A1.2, comment. (n.6). But because Black was denied counsel in connection with her larceny conviction, she could challenge the constitutional validity of that conviction at sentencing.* Where the facts are uncontested and an appeal raises a purely legal question, review is close to de novo. *Bacon*, 94 F.3d at 161.

Our decision is controlled by *Alabama v. Shelton*, 2002 WL 1008481, at *5, *11 (U.S. May 20, 2002) (No. 00-1214), in which the Supreme Court affirmed the Alabama Supreme Court's holding that "[A] defendant who receives a suspended or probated sentence *to imprisonment* has a constitutional right to counsel," and thus may not receive a suspended sentence unless he is afforded or waives the assistance of appointed counsel (internal quotation marks omitted). The indigent defendant in *Shelton* represented himself against a misdemeanor assault charge but was not offered counsel at state expense, and was sentenced to 30 days imprisonment, suspended on condition that he pay court costs, a $500 fine, reparations of $25, and restitution of $516.69. The Alabama Supreme Court upheld the conviction and fine, but reversed the suspended sentence and in so doing vacated the term of probation. *Id.* at *4. The U.S. Supreme Court agreed with its holding. The Supreme Court's decision requires that we remand Black's case to permit the district court to reconsider her sentence in light of *Shelton*.

---

*In *Custis v. United States*, 511 U.S. 485, 496 (1994), the Supreme Court held that a defendant may not collaterally attack a prior conviction underlying a statutory sentence enhancement unless the defendant was indigent in the prior proceeding and was denied counsel. This Court has extended *Custis* to sentencing guidelines cases. *United States v. Bacon*, 94 F.3d 158, 163 (4th Cir. 1996).

We therefore vacate the sentence and remand for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*VACATED AND REMANDED*