The STATE of Ohio, Appellee,

v.

KELLY, Appellant.

[Cite as State v. Kelly, 154 Ohio App.3d 285, 2003-Ohio-4783.]

Court of Appeals of Ohio,
Ninth District, Medina County.

No. 02CA0093–M.

Decided Sept. 10, 2003.

John N. Porter, for appellant.

Sharlene Zee, Medina City Prosecutor, for appellee.

Per Curiam.

{¶ 1} Appellant, Edward Kelly IV, appeals from the judgment of the Medina Municipal Court, which found him guilty of driving under the influence and enhanced his sentenced based upon a prior juvenile adjudication. We affirm.

I

{¶ 2} In 1998, appellant was adjudicated a juvenile traffic offender for DUI. As a result of that adjudication, appellant was placed on probation and was sentenced to commitment in the detention facility for a period of five days. The court suspended the commitment, conditioned upon appellant's compliance with the rules of probation.

{¶ 3} On September 4, 2001, appellant was charged with driving under the influence ("DUI"), in violation of R.C. 4511.19(A)(1). He originally entered a plea of not guilty; however, he subsequently changed his plea to no contest.

{¶ 4} Appellant filed a motion challenging the use of his prior juvenile adjudication to enhance his current offense, arguing that his juvenile adjudication cannot be used to enhance a subsequent offense because the adjudication was uncounseled and he had not waived his right to counsel. A hearing was held on appellant's motion. The court found that appellant had established a prima facie case that his juvenile conviction was uncounseled and that he had not validly waived his right to counsel. However, the court found that his juvenile adjudication resulted in no actual incarceration and, therefore, the juvenile adjudication could be used to enhance the penalties of his current conviction. Appellant was sentenced to ten days' incarceration for a second DUI within six years. This appeal followed.

## II

### Assignment of Error

"The lower court erred * * * in finding that defendant's juvenile adjudication could be used as a prior conviction for sentencing on the adult OMVI conviction."

{¶ 5} In his sole assignment of error, appellant argues that the trial court erred in using a prior juvenile adjudication to enhance the penalty for his current DUI conviction. We agree.

{¶ 6} R.C. 4511.99 sets forth the penalties for DUI convictions based upon the offender's prior convictions for DUI. Pursuant to R.C. 4511.99(A)(2)(a), if the offender has previously pleaded guilty to, or has been convicted of, one violation of R.C. 4511.19(A) or (B) within the preceding six year period, the penalty for the second offense consists of a mandatory sentence of ten days' imprisonment. If the offender has not previously been convicted of DUI within the preceding six years, the mandatory sentence is three days; however, the court may suspend the three days if the court places the offender on probation and requires the offender to attend a drivers' intervention program. R.C. 4511.19(A)(1). In the case sub judice, if the court uses appellant's prior juvenile adjudication to enhance the penalties for the current offense, appellant will be subject to the mandatory ten-day sentence.

{¶ 7} R.C. 2901.08 provides that a prior juvenile adjudication is considered a prior conviction for purposes of determining the offense with which a person is charged and in determining the proper sentence to be imposed. R.C. 2901.08 states:

"If a person is alleged to have committed an offense and if the person previously has been adjudicated a * * * juvenile traffic offender for a violation of a law or ordinance, the adjudication as a * * * juvenile traffic offender is a

conviction for a violation of the law or ordinance for purposes of determining the offense with which the person should be charged and, if the person is convicted of or pleads guilty to an offense, the sentence to be imposed upon the person relative to the conviction or guilty plea."

{¶ 8} At least one court has found that R.C. 2901.08 applies to juvenile adjudications of DUI. See *State v. Glover* (Aug. 19, 1999), 5th Dist. No. 99CA30, 1999 WL 668681.

{¶ 9} A defendant facing an enhancement of penalties for an offense due to a prior conviction may challenge the use of the prior conviction on the basis that the prior conviction was constitutionally infirm. See, generally, *State v. Brandon* (1989), 45 Ohio St.3d 85, 543 N.E.2d 501; *State v. Adams* (1988), 37 Ohio St.3d 295, 525 N.E.2d 1361; *State v. Gerwin* (1982), 69 Ohio St.2d 488, 23 O.O.3d 420, 432 N.E.2d 828. The defendant must present sufficient evidence to establish a prima facie showing of the constitutional infirmity of the prior conviction. *Adams*, at paragraph two of the syllabus. Once a prima facie showing is made, the burden then shifts to the state to prove that the defendant was afforded his right to counsel. *State v. Maynard* (1987), 38 Ohio App.3d 50, 52–53, 526 N.E.2d 316. A valid waiver will be not presumed upon a silent record. See, e.g., *Boykin v. Alabama* (1969), 395 U.S. 238, 242, 89 S.Ct. 1709, 23 L.Ed.2d 274.

{¶ 10} In *Nichols v. United States* (1994), 511 U.S. 738, 749, 114 S.Ct. 1921, 128 L.Ed.2d 745, the United States Supreme Court held that a sentencing court may consider a defendant's prior uncounseled conviction when it imposes sentence on a subsequent offense if the defendant did not validly waive his right to counsel in the previous case, so long as the prior uncounseled conviction did not result in a term of imprisonment. See, also, *Gerwin*, 69 Ohio St.2d 488, 23 O.O.3d 420, 432 N.E.2d 828.

{¶ 11} In this case, the trial court determined that appellant had established a prima facie case that his prior juvenile adjudication was uncounseled and that he had not validly waived his right to counsel. Appellant contends that because he was uncounseled in his juvenile adjudication, the prior adjudication cannot be used to enhance a subsequent sentence.

{¶ 12} In addressing a similar issue, this court recently stated:
"In *State v. Brandon*, (1989), 45 Ohio St.3d 85, 86, 543 N.E.2d 501, the Supreme Court of Ohio stated: 'It is unquestioned that an indigent defendant may not be sentenced to a term of imprisonment unless the state has afforded said defendant the right to assistance of counsel.' Where an indigent defendant is not represented by counsel, has not validly waived counsel, and is sentenced to a term of incarceration, 'such a conviction *may not* be used to

enhance a sentence in any subsequent conviction.' (Emphasis sic.) Id. at 87, 543 N.E.2d 501. Crim.R. 44(B) provides, in relevant part:

" 'When a defendant charged with a petty offense is *unable to obtain counsel,* no sentence of confinement may be imposed upon him, unless after being fully advised by the court, he knowingly, intelligently, and voluntarily waives assignment of counsel.' (Emphasis added.)

"The Supreme Court discussed what a court's obligation to provide counsel entails in *State v. Tymcio* (1975), 42 Ohio St.2d 39, 43–44 [71 O.O.2d 22], 325 N.E.2d 556:

" 'The constitutionally protected right to the assistance of counsel is absolute.

" '* * * absent a knowing and intelligent waiver, no person may be imprisoned for any offense * * * unless he was represented by counsel at his trial." ' *Argersinger v. Hamlin* (1972), 407 U.S. 25, 37, 92 S.Ct. 2006, 32 L.Ed.2d 530; *Gideon v. Wainwright* (1963), 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799.

" 'The obligation to provide counsel is often said to run to the "indigent." Generally speaking, such a statement is true, because undisputed indigence, and the inability *for that reason alone* to obtain counsel, is the major reason requiring the assistance of court-appointed counsel. In fact, the temptation is to say that where nonindigency can be factually found, the appointment of counsel by the court not only is not required, but may not be permitted.

" 'Such a rigid requirement would be arguable if indigency were judicially definable as an abstract term without regard to the circumstances of the particular case, and if indigency, as so defined, were the only actual fact bearing on the inability to obtain counsel in this and other cases. [ ] But it is not.

" '* * *

" 'Many factors may impinge upon a defendant's inability to obtain counsel, factors which may differ greatly from case to case.

" '* * *

" 'To make the right to the assistance of court-appointed counsel a factual reality, the determination of need must turn, not upon whether an accused ought to be able to employ counsel, but whether he is in fact able to do so. Absent a knowledgeable and intelligent waiver, a defendant may not be imprisoned unless he was represented by counsel at his trial. (Emphasis sic.) *Argersinger,* supra; *Gideon,* supra.'

"In the present case, there is no evidence that appellant was indigent at the time of his prior conviction, and he has not claimed on appeal that he was indigent. See *State v. Francis* (May 4, 1994), 9th Dist. No. 16351, 1994 WL 162347. Furthermore, there is no evidence in the record to suggest that appellant was otherwise unable to obtain counsel, and he has not argued on

appeal that he was otherwise unable to obtain counsel. Absent evidence that appellant was indigent or otherwise unable to obtain counsel, appellant could not make a prima facie showing that his prior conviction was uncounseled. See, *State v. Lamb*, 5th Dist. No. 2002–CA–00083, 2002-Ohio-5569 [2002 WL 31319952], at ¶ 9. See, also, *State v. Ocepek* (Apr. 15, 1998), 9th Dist. No. 18542 [1998 WL 178540]; *State v. Tymcio*, supra." *State v. Smith*, 9th Dist. No. 21274, 2003-Ohio-3159, 2003 WL 21396756, at ¶ 8–10.

{¶ 13} The same analysis applies in the present appeal. Appellant does not even allege that he was indigent. Moreover, at the hearing before the trial court, evidence of a written waiver of counsel signed by appellant and his parents was admitted into evidence. Appellant did not testify that he was not informed of his right to counsel; he only testified that he did not remember whether he was informed. This is insufficient. Consequently, the trial court reached the right result, but for the wrong reasons. See *State v. Blank* (1997), 118 Ohio App.3d 441, 693 N.E.2d 299.

{¶ 14} Appellant's assignment of error is overruled.

### III.

{¶ 15} Appellant's sole assignment of error is overruled. The judgment of the Medina Municipal Court is affirmed.

Judgment affirmed.

LYNN C. SLABY, P.J., and CARR, J., concur.

REECE, J., dissents.

JOHN W. REECE, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to Section 6(C), Article IV, Constitution.

REECE, Judge, dissenting.

{¶ 16} In this case, the trial court determined that appellant had established a prima facie case that his prior juvenile adjudication was uncounseled and that he had not validly waived his right to counsel. These determinations have not been challenged on appeal, and, therefore, we must accept the trial court's ruling. This court must determine what constitutes a term of imprisonment for purposes of using a prior juvenile adjudication to enhance the penalty of a later conviction. This is an issue of first impression for this court.

{¶ 17} Appellant argues that he should not be required to show actual incarceration on his prior juvenile adjudication because juveniles can only be committed to a detention home and cannot be incarcerated. He asserts that the

requirement violates the Due Process and Equal Protection Clauses of the United States and the Ohio Constitutions. He further argues that he is being treated differently from others charged with the same offense, in violation of his rights to due process and equal protection.

{¶ 18} The United States Supreme Court has previously noted the similarities between juvenile detention and incarceration. See *In re Gault* (1967), 387 U.S. 1, 27, 87 S.Ct. 1428, 18 L.Ed.2d 527. In finding that juveniles were entitled to due process in *In re Gault*, the court noted,

"It is of no constitutional consequence–and of limited practical meaning–that the institution to which [a juvenile] is committed is called an Industrial School. The fact of the matter is that, however euphemistic the title, a 'receiving home' or an 'industrial school' for juveniles is an institution of confinement in which the child is incarcerated for a greater or lesser time." Id. at 27, 87 S.Ct. 1428, 18 L.Ed.2d 527.

{¶ 19} Thus, the United States Supreme Court has recognized the similarities between commitment to a detention home for a juvenile and incarceration for an adult. Therefore, I conclude that for purposes of using a prior juvenile adjudication to enhance a subsequent conviction, a sentence of detention for a juvenile is equivalent to a term of imprisonment for an adult. See, e.g., R.C. 2152.21(A)(5)(a) (providing that the court may commit a juvenile adjudicated a juvenile traffic offender for committing a violation of R.C. 4511.19(A) to a detention facility for a period of not longer than five days). Accordingly, the requirement that the prior juvenile adjudication resulted in incarceration is not an impossibility as appellant contends. However, we must determine whether appellant was treated differently from others similarly situated, which would violate appellant's right to equal protection under the United States and Ohio Constitutions.

{¶ 20} As previously noted, in appellant's juvenile case, he was sentenced to a detention facility for a period of five days. That sentence was suspended, upon the condition that appellant follow the rules of probation. Appellant testified in the hearing on his motion that he recalled the suspended sentence and that he did not serve any actual time in a detention facility.

{¶ 21} The right to counsel originates in the Sixth Amendment to the United States Constitution applicable to the states through the Fourteenth Amendment. A long line of cases establishes that absent a valid waiver of that right, a defendant may not be imprisoned for any felony or misdemeanor offense. See *Argersinger v. Hamlin* (1972), 407 U.S. 25, 37, 92 S.Ct. 2006, 32 L.Ed.2d 530 (extending the right to counsel to any offense for which imprisonment would be imposed); *Scott v. Illinois* (1979), 440 U.S. 367, 369–374, 99 S.Ct. 1158, 59 L.Ed.2d 383 (refusing to extend the right to counsel to a defendant charged with

an offense for which imprisonment is authorized but not imposed and adopting "actual imprisonment as the line defining the constitutional right to appointment of counsel").

{¶ 22} Recently, in *Alabama v. Shelton,* (2002), 535 U.S. 654, 122 S.Ct. 1764, 152 L.Ed.2d 888, the United States Supreme Court held that the right to counsel extends not only to a defendant who receives a term of actual imprisonment, but also to a defendant who receives a suspended or probated sentence, even if no actual imprisonment results. The court held:

"A suspended sentence is a prison term imposed for the offense of conviction. Once the prison term is triggered, the defendant is incarcerated * * * for the underlying offense. The uncounseled conviction at that point 'result[s] in imprisonment'; it 'end[s] up in the actual deprivation of a person's liberty.' " (Internal citations omitted.) *Shelton,* 535 U.S. 654, 662, 122 S.Ct. 1764, 152 L.Ed.2d 888.

{¶ 23} While *Shelton* concerned a direct appeal from a conviction where the defendant alleged that he had been denied counsel, I believe that *Shelton* provides guidance as to whether a suspended sentence, imposed in a prior, uncounseled conviction, constitutes imprisonment such that the prior conviction may be used to enhance the penalty for a subsequent conviction.

{¶ 24} In *State v. Williams,* the Fifth District Court of Appeals held that the defendant's prior uncounseled conviction, which resulted in a suspended sentence, could not be used to enhance a subsequent conviction. *State v. Williams,* 5th Dist. No. 02CA00017, 2002-Ohio-4244, 2002 WL 1902879, at ¶ 18–19. The court determined that the suspended sentence for the prior conviction imposed a prison term under *Shelton.* Id. at ¶ 19. See, also, *United States v. Black* (C.A.4, 2002), 37 Fed. Appx. 654.

{¶ 25} I find *Williams* to be persuasive. In the case sub judice, appellant's prior juvenile conviction resulted in a suspended sentence of five days' detention; thus, the suspended sentence was "a prison term imposed for the offense." See *Shelton,* 535 U.S. at 662, 122 S.Ct. 1764, 152 L.Ed.2d 888. Accordingly, appellant meets the requirement that his prior juvenile adjudication resulted in incarceration, and therefore, that adjudication cannot be used to enhance his subsequent DUI conviction that is the subject of this appeal because it was uncounseled and he did not validly waive counsel. Thus, I believe that the trial court erred when it enhanced the penalty for the DUI based upon the prior juvenile adjudication. I would sustain appellant's assignment of error, vacate the judgment of the trial court, and remand for further proceedings.