DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, State of Ohio, appeals the order of the Summit County Court of Common Pleas suppressing evidence of Defendant/Appellee Jeni Baker's prior domestic violence adjudications in Summit County Juvenile Court. This Court affirms.
 {¶ 2} On June 6, 2008, Defendant was indicted on one count of domestic violence in violation of R.C. 2919.25(A). The indictment alleged that Defendant had previously been adjudicated delinquent of domestic violence in Summit County Juvenile Court, which enhanced the charged offense to a felony of the fourth degree. Defendant pled not guilty to the charges. On June 30, 2008, Defendant filed a motion to suppress evidence of her prior adjudication for domestic violence in Summit County Juvenile Court Case No. DL03-04-1726. The motion argued that Defendant's prior adjudication could not be used to enhance the charge in the current case because Defendant was uncounseled in the juvenile court action and that there was no evidence that she waived her right to counsel. On July 8, 2008, an evidentiary hearing was held *Page 2 
and on July 14, 2008, the trial court granted Defendant's motion. The State timely appealed the July 14, 2008 order and raises one assignment of error.
 Assignment of Error "The trial court committed error when it determined that Defendant had met her burden to make a prima facie showing of constitutional infirmity."
 {¶ 3} The State alleges that Defendant failed to demonstrate a constitutional infirmity in the juvenile court action so as to shift the burden to the State to demonstrate that Defendant knowingly, intelligently and voluntarily waived her right to counsel. Instead, the State argues, Defendant simply testified that she did not remember if she had waived her right to counsel.
 {¶ 4} We initially note that the motion to suppress filed by Defendant related only to Defendant's adjudication in 2003, in Case No. DL03-04-1726. Defendant testified, however, about the 2003 adjudication and another that took place in 2001, in Case No. DL01-10-6132. During the suppression hearing, defense counsel asked the court to grant his motion "with respect to these two prior domestic violence charges," although he did not expressly move to suppress the 2001 adjudication. Notwithstanding, the trial court's order suppresses both adjudications and the State challenges the trial court's order with respect to the suppression of both adjudications.
 "An appellate court's review of a trial court's ruling on a motion to suppress presents a mixed question of law and fact. The trial court acts as the trier of fact during a suppression hearing and is best equipped to evaluate the credibility of witnesses and resolve questions of fact. Accordingly, we accept the trial court's findings of fact so long as they are supported by competent, credible evidence. Our application of the law to those facts, however, is de novo." (Internal citations omitted). Cuyahoga Falls v. Pollack, 9th Dist. No. 23988, 2008-Ohio-2024, at ¶ 5.
We addressed the issue of the use of a prior conviction to increase the degree of a new charge in State v. Bewley, 9th Dist. No. 23693,2007-Ohio-7026. We stated: *Page 3 
 "Generally, the law does not permit a criminal defendant to attack a previous conviction in a subsequent case. State v. Brooke, 113 Ohio St.3d 199, 2007-Ohio-1533, at ¶ 9. There is an exception, however, `when the state proposes to use the past conviction to enhance the penalty of a later criminal offense.' Id. In that situation, a defendant may attack the constitutionality of a prior conviction if it was obtained in violation of the defendant's Sixth Amendment right to counsel. Id. `An uncounseled conviction cannot be used to enhance the penalty for a later conviction if the earlier conviction resulted in a sentence of confinement.' Id. at ¶ 12, citing Nichols v. United States, 511 U.S. 738, 749
(1994)). The Supreme Court of Ohio has held that uncounseled convictions, obtained without a valid waiver of the Sixth Amendment right to counsel, are `constitutionally infirm.' Brooke at ¶ 9 citing State v. Brandon (1989), 45 Ohio St.3d 85, 86; Nichols, supra.
 "If a defendant questions the use of a prior conviction based on his having entered an uncounseled plea in the earlier case, the burden is on the defendant to make `a prima-facie showing of constitutional infirmity.' Brooke at ¶ 11, citing Brandon, 45 Ohio St.3d 85
at the syllabus. In order to meet that burden, the defendant must present evidence showing that his earlier plea was uncounseled and resulted in a sentence of confinement. Brooke at ¶ 11. Then the burden shifts to the state to prove the defendant's right to counsel was properly waived. Id. In order to meet its burden, the State must prove there was a knowing, voluntary, and intelligent waiver of the defendant's Sixth Amendment right to counsel. Id. at ¶ 25." Bewley at ¶ 16-17.
 {¶ 5} The State does not argue that Defendant was counseled in either juvenile court case. Defendant testified that she was not counseled. The record also establishes that Defendant was sentenced in both cases to a period of confinement in the Department of Youth Services. Thus, the burden shifted to the State to prove that Defendant's right to counsel was properly waived. See Brooke at ¶ 11; Bewley at ¶ 17.
 {¶ 6} The trial court found that Defendant "had no recollection of waiving her right to be represented by an attorney" and that the State failed to meet its burden of proving proper waiver. This Court agrees.
 {¶ 7} The Supreme Court of Ohio has held that "any waiver of counsel must be made on the record in open court." Brooke at ¶ 24. A knowing, voluntary, and intelligent waiver cannot be presumed from a silent record. Id. at ¶ 25, citing State v. Wellman (1974), 37 Ohio St.2d 162, *Page 4 
at paragraph two of the syllabus. Accordingly, "[t]he record must show, or there must be an allegation and evidence which shows, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver." Brooke at ¶ 25, quotingWellman, 37 Ohio St. 162, at paragraph two of the syllabus, citingCarnley v. Cochran (1962), 369 U.S. 506.
 {¶ 8} Here, the only parts of the record related to waiver are (1) two form journal entries, which contain checked boxes indicating that Defendant's rights had been explained to her and that she had waived her right to counsel; and (2) Defendant's testimony that she does not remember any discussions regarding whether she did or did not want a lawyer.
 {¶ 9} We do not need to address whether such is sufficient to establish waiver, however, because the State did not file a brief in response to Defendant's motion to suppress and did not argue on appeal that Defendant waived her right to counsel. In fact, the State expressly states in its appellate brief that the burden did not shift to the State "to show that the waiver of counsel was knowing, voluntary and intelligent." It appears that the State misunderstands the current burden shifting mechanism as set forth in Brooke. It argues that because Defendant did not deny waiving her right to counsel that the burden does not shift. This is not a correct statement of the law as the burden shifted to the State to establish waiver upon Defendant's uncontroverted testimony that she was uncounseled. Brooke at ¶ 11.
 {¶ 10} The State cites our holding in State v. Kelly,154 Ohio App.3d 285, 2003-Ohio-4783, in support of its proposition that a defendant does not establish a prima facie case of constitutional infirmity where the defendant has a memory lapse. Kelly is distinguishable, however. InKelly, we held that the defendant failed to meet his prima facie burden of establishing that he was uncounseled. Here, whether Defendant was counseled is not at issue *Page 5 
and the burden shifted to the State to establish waiver, which the State did not do. Brooke at ¶ 11; Bewley at ¶ 17.
 {¶ 11} Because the prior adjudications were constitutionally infirm, the burden shifted to the State to establish that Defendant knowingly, voluntarily and intelligently waived her right to counsel. The State failed to argue that such waiver occurred via the two form journal entries or otherwise. Accordingly, the trial court properly determined that the State should not be permitted to use the prior adjudications to enhance the potential penalty for Defendant's current charge. SeeBrooke at ¶ 9, citing Brandon 45 Ohio St.3d at 86 and Nichols,511 U.S. at 749.
 {¶ 12} The State's assignment of error is overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30. *Page 5 
Costs taxed to Appellant.
CARR, J., WHITMORE, J., CONCUR.