[Cite as *State v. Bias*, 2014-Ohio-1328.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| STATE OF OHIO | C.A. No. 13CA010421 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| JAMES F. BIAS | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | CASE No. 12CR084252 |

DECISION AND JOURNAL ENTRY

Dated: March 31, 2014

WHITMORE, Judge.

{¶1} Defendant, James Bias, appeals from the judgment of the Lorain County Court of Common Pleas. This Court affirms.

I

{¶2} Bias was originally indicted on (1) operating a motor vehicle under the influence of alcohol ("OVI"), in violation of R.C. 4511.19(A)(1)(a), a felony of the fourth degree; (2) OVI with a blood alcohol content of .17 or more, in violation of R.C. 4511.19(A)(1)(f), a felony of the fourth degree; (3) failure to stop after an accident, in violation of R.C. 4549.02(A), a misdemeanor of the first degree; and (4) operating a motor vehicle without a valid license, in violation of R.C. 4510.12(A)(1), a misdemeanor of the fourth degree. The two OVI counts contained a mandatory prison specification, alleging that Bias had been convicted of or had pleaded guilty to five or more OVI offenses within the past twenty years. Subsequently, the State re-indicted the two OVI counts as felonies of the third degree and dismissed the two OVI

counts in the original indictment. The re-indicted OVI counts contained the same mandatory prison specification as the original indictment.

{¶3} Bias filed a motion to prohibit the State from using two of his prior convictions to enhance his current sentence. The State responded in opposition, and, after a hearing, the court denied Bias' motion. Ultimately, Bias changed his plea to no contest and the court found Bias guilty on all counts. At sentencing, the court found that the two OVI counts merged and sentenced Bias to sixty days on the first OVI count. Additionally, the court sentenced Bias to one year in prison for the mandatory prison specification. Bias now appeals and raises one assignment of error for our review.

II

Assignment of Error

THE TRIAL COURT ERRED IN DENYING BIAS' MOTION TO SUPPRESS BY FINDING THAT THE BURDEN OF PROOF HAD NOT SHIFTED TO THE STATE OF OHIO.

{¶4} In his sole assignment of error, Bias argues that the court erred in overruling his motion to suppress two of his prior convictions "for the purpose[] of enhancing his current offense." Specifically, Bias argues that the court erred in finding that he had not produced prima facie evidence that his prior convictions were uncounseled and resulted in confinement. We disagree.

{¶5} "Generally, a past conviction cannot be attacked in a subsequent case. However, there is a limited right to collaterally attack a conviction when the [S]tate proposes to use the past conviction to enhance the penalty of a later criminal offense." *State v. Brooke*, 113 Ohio St.3d 199, 2007-Ohio-1533, ¶ 9. Because prior convictions are entitled to a presumption of validity,

the defendant has the burden to produce evidence of "constitutional infirmity." *State v. Brandon*, 45 Ohio St.3d 85 (1989), syllabus.

{¶6} The defendant can meet this burden by showing that his or her prior conviction resulted in confinement and was obtained in violation of his or her Sixth Amendment right to counsel. *Brooke* at paragraph one of the syllabus. If the defendant presents a prima facie showing that he or she "had not been represented by counsel and had not validly waived the right to counsel and that the prior conviction[ ] had resulted in confinement, the burden shifts to the [S]tate to prove that the right to counsel was properly waived." *State v. Thompson*, 121 Ohio St.3d 250, 2009-Ohio-314, syllabus.

{¶7} Bias filed a motion to prohibit the State from using two of his prior convictions to enhance his current OVI charge. In his motion, Bias argued that he was unrepresented by counsel in the prior two cases and the convictions resulted in confinement. Additionally, Bias asserted that he did not voluntarily, intelligently, and knowingly waive his right to counsel because he was not informed that his convictions could be used to enhance a future OVI offense. In support of his argument, Bias attached an affidavit in which he averred:

> I, James Bias[,] swear that in case no. 1994TRC16442 and 1992TRC02448 I was charged with the offense of D.U.I. At the time of the plea I was unrepresented by counsel in the 1992 case. In the 1994 case I do not recall having any counsel present at the time of the plea. In neither case was I told that any future charge of D.U.I. would lead to enhanced pen[al]ties. Had I known of the enhancement at the time I would have sought counsel.

{¶8} The State opposed Bias' motion, and the court held a hearing. At the hearing, Bias testified that he did not have counsel in either case in question. When asked if he waived his right to counsel, Bias consistently and repeatedly said he did not recall. Bias never testified that he did not waive his right to counsel, only that he did not recall doing so.

**{¶9}** The State presented certified dockets from the two cases. In both cases the following language is included in the change of plea entry on the respective docket.

> WAIVER – DEFENDANT HAVING BEEN ADVISED OF HIS RIGHT TO COUNSEL, AND TRIAL BY JURY, AND THE RIGHT TO HAVE COUNSEL APPOINTED IF INDIGENT, KNOWINGLY WAIVES THESE RIGHTS, AND FURTHER, DEFENDANT HAS BEEN ADVISED BY THE COURT OF THE MAXIMUM PENALTY INVOLVED.

Bias testified that he did not recall waiving his right to counsel, but had no reason to dispute the information in the docket.

**{¶10}** Additionally, in case number 1994TRC16442, the change of plea entry on the docket included a notation that counsel was present. Bias testified that despite this notation he did not remember having an attorney present at the hearing. Even assuming Bias did not have counsel present, he offered no evidence that he did not validly waive his right to counsel.

**{¶11}** It is Bias' burden to establish that he did not validly waive his right to counsel and there is a presumption that "all underlying proceedings were conducted in accordance with the rules of law." *Brandon*, 45 Ohio St.3d at syllabus. Bias' prior convictions were for "petty offenses," and therefore, his waiver of his right to counsel did not have to be in writing. *See* Crim.R. 44(C); *State v. Tanner*, 9th Dist. Summit No. 24614, 2009-Ohio-3867, ¶ 8.

**{¶12}** Bias testified that he did not recall waiving his right to counsel, but had no reason to dispute the accuracy of the docket entries that indicated he did. *See Tanner*, 9th Dist. Summit No. 24614, 2009-Ohio-3867, at ¶ 8-10 (assuming the court was required to inform the defendant that his conviction could be used to enhance a future offense, the defendant presented "no evidence to foreclose the possibility that the [] court warned him about enhancement in open court."). *See also State v. King*, 3rd Dist. Wyandot No. 16-11-07, 2012-Ohio-1281, ¶ 52-55 (defendant's failure to remember if she waived her right to counsel does not meet burden of

establishing that her waiver was invalid). Because Bias failed to make a prima facie showing that he had not validly waived his right to counsel, the trial court correctly found that the burden had not shifted to the State.

{¶13} Bias' assignment of error is overruled.

III

{¶14} Bias' sole assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETH WHITMORE
FOR THE COURT

HENSAL, P. J.
CARR, J.
CONCUR.

APPEARANCES:

DENISE G. WILMS, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and NATASHA RUIZ GUERRIERI, Assistant Prosecuting Attorney, for Appellee.