[Cite as *State v. White*, 2020-Ohio-4041.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 29601 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| RICHARD WHITE, JR. | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR-2018-11-3752 |

DECISION AND JOURNAL ENTRY

Dated: August 12, 2020

SCHAFER, Judge.

{¶1} Defendant-Appellant, Richard Lawrence White, Jr., appeals his conviction from the Summit County Court of Common Pleas. For the reasons that follow, this Court affirms.

I.

{¶2} In November 2018, The Summit County Grand Jury issued an indictment charging Mr. White with one count of operating a vehicle under the influence of alcohol or drugs ("OVI") in violation of R.C. 4511.19(A)(1)(a) and R.C. 4511.19(G)(1)(d), and one count of OVI in violation of R.C. 4511.19(A)(2)(a), R.C. 4511.19(A)(2)(b), and R.C. 4511.19(G)(1)(d). Both counts of the indictment contained allegations that Mr. White was previously convicted of or pleaded guilty to five or more violations of R.C. 4511.19(A) or (B) in the past 20 years, elevating the level of the offense to a felony of the fourth degree. Both counts included specifications pursuant to R.C. 2941.1413(A) regarding the alleged prior convictions. Mr. White initially entered a plea of not guilty to all charges.

{¶3} Mr. White filed a motion to strike a prior uncounseled conviction from both counts and both specifications in the indictment. In his motion, Mr. White argued that his prior conviction for OVI on February 11, 1999 in the Wayne County Municipal Court (the "1999 conviction") was uncounseled. Mr. White provided an affidavit detailing his recollection of the circumstances of his appearance at the arraignment and his no contest plea that resulted in his 1999 conviction. Mr. White asserted that he was still under the influence of alcohol at the time he entered his plea and, consequently, his waiver of his right to counsel was not knowing, intelligent, and voluntary. If the trial court were to grant his motion to strike the 1999 conviction from the indictment, Mr. White argued, it would require a reduction of the charges to misdemeanor offenses.

{¶4} The State responded in opposition to the motion to strike arguing that Mr. White's self-serving affidavit was insufficient to substantiate his claim that his waiver of counsel was defective. Additionally, the State argued that the 1999 conviction did not result in imprisonment, and that Mr. White could not meet his burden to show that his waiver of counsel was constitutionally infirm.

{¶5} In the order ruling on the motion to strike, the trial court found that Mr. White failed to establish that he was impaired to the point that would have prevented him from understanding that he waived his right to counsel. Further, the trial court found that Mr. White failed to show prejudice because he did not present any testimony to suggest that he would not have waived his right to counsel or entered the plea if he had not been under the influence of alcohol. The trial court concluded that Mr. White failed to meet his burden to establish a prima facie case that his prior conviction was constitutionally infirm and overruled his motion to strike.

{¶6} On October 3, 2019, Mr. White withdrew his plea of not guilty, and entered a plea of no contest to both counts and the attached specifications in the indictment. The trial court

accepted the change of plea and found Mr. White guilty of the charges. For purposes of sentencing, the trial court merged the first count and specification thereto with the second count and its specification. The trial court sentenced Mr. White to an aggregate prison term of 18 months.

{¶7}    Mr. White timely appealed his conviction. He raises two assignments of error for our review.

II.

### Assignment of Error I

**The trial [c]ourt erred as a matter of law in failing to find that [Mr. White] established prima facie evidence by a preponderance of the evidence that the waiver of his right to counsel in the 1999 Wayne Municipal Court case was not knowing, intelligent[,] and voluntary.**

{¶8}    Mr. White argues that the trial court erred in denying his motion to strike a prior conviction when it found that he failed to make a prima facie showing that he did not knowingly, intelligently, and voluntarily waive his right to counsel in his 1999 conviction. Mr. White contends he only needed to show "some evidence that his prior plea was uncounseled and some evidence that the waiver of his right to counsel was not a knowing, intelligent[,] or voluntary waiver" and contends he "more than met his initial burden of offering prima facie evidence of constitutional infirmity in this case."

{¶9}    For purposes of our standard of review, this Court has treated motions to strike a prior conviction as something akin to a motion to suppress. *See State v. Noble*, 9th Dist. Lorain No. 07CA009083, 2007-Ohio-7051, ¶ 7. *See also State v. Patterson*, 9th Dist. Medina No. 09CA0014-M, 2009-Ohio-6953, ¶ 8 ("An argument that a conviction was uncounseled amounts to a Sixth Amendment challenge, an appropriate basis for a motion to suppress."). A motion to suppress evidence presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8. When the trial court considers a motion to suppress, it assumes the role

of trier of fact and, therefore, it is in the "best position to resolve factual questions and evaluate the credibility of witnesses." *Id.*, citing *State v. Mills*, 62 Ohio St.3d 357, 366 (1992). Accordingly, a reviewing court "must accept the trial court's findings of fact if they are supported by competent, credible evidence." *Id.* Accepting such facts as true, this Court must "then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." *Id.* This Court must, therefore, grant deference to the trial court's findings of fact while conducting a de novo review to determine whether the trial court applied the appropriate legal standard to those facts. *State v. Booth*, 151 Ohio App.3d 635, 2003-Ohio-829, ¶ 12 (9th Dist.).

{¶10} "Generally, a past conviction cannot be attacked in a subsequent case[,]" however, a defendant does have "a limited right to collaterally attack a conviction when the state proposes to use the past conviction to enhance the penalty of a later criminal offense." *State v. Brooke*, 113 Ohio St.3d 199, 2007-Ohio-1533, ¶ 9. An uncounseled conviction obtained without a valid waiver of the right to counsel is constitutionally infirm. *Id.* citing *State v. Brandon*, 45 Ohio St.3d 85, 86 (1989).

{¶11} "'Where questions arise concerning a prior conviction, a reviewing court must presume all underlying proceedings were conducted in accordance with the rules of law and a defendant must introduce evidence to the contrary in order to establish a prima-facie showing of constitutional infirmity.'" *Brooke* at ¶ 11, quoting *Brandon* at syllabus. "For purposes of penalty enhancement in later convictions under R.C. 4511.19," once a defendant makes a prima facie showing that a prior uncounseled conviction was unconstitutional, the burden shifts to the state to show the absence of a constitutional infirmity by proving that the right to counsel was properly waived. *Brooke* at ¶ 11; *State v. Thompson*, 121 Ohio St.3d 250, 2009-Ohio-314, ¶ 6. To meet

the burden of demonstrating constitutional infirmity, the defendant must show by a preponderance of the evidence that he was uncounseled in the prior conviction: "uncounseled" meaning he was not represented by an attorney *and* that he did not validly waive the right to representation. *Thompson* at ¶ 7; *State v. Tanner*, 9th Dist. Summit No. 24614, 2009-Ohio-3867, ¶ 7. *See* R.C. 2945.75(B)(3).

{¶12} There is no dispute that Mr. White was not represented by counsel when he entered his plea resulting in his 1999 conviction; Mr. White challenges the validity of his waiver of the right to counsel. "In order to establish an effective waiver of right to counsel, the trial court must make sufficient inquiry to determine whether defendant fully understands and intelligently relinquishes that right." *State v. Gibson*, 45 Ohio St.2d 366 (1976), paragraph two of the syllabus. Because his 1999 conviction was for a petty offense, the waiver of his right to counsel was required to be made in open court and recorded but was not required to be in writing. Crim.R. 22; Crim.R. 44(C).

{¶13} The record before this Court contains a certified copy of the record of the Wayne County Municipal Court in Mr. White's 1999 case. The certified record does not include a transcript of the proceedings at the arraignment and plea hearing in the 1999 conviction. However, the certified record does include a written "waiver of rights" form signed by Mr. White on February 11, 1999. The form states in pertinent part "I hereby acknowledge in open Court that I have been advised of the following rights and hereby knowingly and voluntarily waive * * * [m]y right to be represented by counsel or to have an attorney appointed for me if I can't afford one[.]" In addition to Mr. White's signature, the form is also signed by a magistrate.

{¶14} At the hearing on his motion to strike, Mr. White presented his own testimony recalling the circumstances of the trial court's acceptance of his plea in the 1999 conviction.

According to Mr. White, the judge "read everything, but [Mr. White] d[id]n't recall anything that was said or – or what the details were because [he] didn't understand what they were saying." Mr. White acknowledged that he signed the waiver of rights form, but could not specifically recall whether the judge went over that form with him. Mr. White acknowledged that it is possible that the judge did go over the waiver of rights form, but testified that "[h]onestly[, he] didn't understand what was going on." Mr. White did recall that he decided to enter a no-contest plea because the judge asked him whether he wanted "to get this over with" and Mr. White said, "Yes."

{¶15} Although, ordinarily, a defendant's knowing, voluntary, and intelligent waiver of the right to counsel cannot be presumed from a silent record, in the context of a challenge to a prior conviction a reviewing court presumes the underlying proceedings were conducted according to law unless the defendant introduces evidence to the contrary. *State v. Tanner*, 9th Dist. Summit No. 24614, 2009-Ohio-3867, ¶ 10, quoting *State v. Combs*, 9th Dist. Lorain No. 07CA009173, 2007-Ohio-7035, at ¶ 17; *Brandon,* 45 Ohio St.3d 85 at syllabus. Where there is evidence of a written waiver of counsel signed by the defendant, the defendant's testimony that he could not remember whether he was informed of his right to counsel is not enough to establish constitutional infirmity in a prior conviction. *State v. Kelly*, 154 Ohio App.3d 285, 2003-Ohio-4783, ¶ 13 (9th Dist.). Consequently, Mr. White's testimony that he could not remember whether the trial court explained the waiver of his right in open court does not satisfy his burden of establishing that his waiver was invalid. *See State v. Bias*, 9th Dist. Lorain No. 13CA010421, 2014-Ohio-1328, ¶ 12, citing *State v. King,* 3d Dist. Wyandot No. 16-11-07, 2012-Ohio-1281, ¶ 52-55.

{¶16} Mr. White failed to show that the trial court in his 1999 conviction did not establish effective waiver of his right to counsel. Still, Mr. White contends that because he was still under the influence of alcohol—unbeknownst to the trial court—when he signed the waiver and entered

his no contest plea, he was too intoxicated to understand what was going on and did not realize he could have a lawyer. Ostensibly, Mr. White argues that, regardless of whether the trial court sufficiently inquired to determine whether he fully understood and intelligently relinquished that right, *Gibson*, 45 Ohio St.2d at paragraph two of the syllabus, his own alleged lack of capacity precluded him from effectively waiving his right to counsel.

{¶17} In support of his contention that he was subjectively incapable of knowingly and intelligently waiving his right to counsel, Mr. White offered his own testimony recalling his state of mind when he pleaded no contest in the 1999 conviction, and the testimony of Dr. Amon that Mr. White had a blood alcohol content level that could impair an individual's judgment, reasoning, and self-control.

{¶18} In the hearing on his motion to strike, Mr. White testified that he is presently 43 years old and, at the time of the 1999 conviction, he was 22 years old and had never been in court for anything more than minor traffic tickets. According to Mr. White's testimony the traffic stop underlying his 1999 conviction occurred shortly after 2:00 a.m. After initially refusing a breathalyzer test, Mr. White submitted to the test at approximately 3:00 a.m. At that point, the officer told Mr. White that he was free to go home, but issued a summons that required Mr. White to appear in court at 10:00 a.m. that same day.

{¶19} Mr. White testified that he returned home and, though he does not remember every detail, he recalled: "I just basically just walked around my apartment. I didn't really know what to do or who to call or what was going on." Mr. White also recalled that he "[b]arely" slept before arriving at the Wayne County Municipal Court at approximately 9:00 a.m. Mr. White testified that he did not wait long, and that he appeared before the judge at approximately 10:00 a.m. Mr.

White remembered that he "was still very intoxicated" when they called him up to the stand, and he had to hold on to the table for balance.

{¶20} During his testimony Mr. White stated that he "didn't even know what a[n OVI] was" at that time and he "didn't know what was involved or what the whole situation was[,]" because he "was pretty naïve." He also testified that he "didn't even know you could have a lawyer in this situation[,]" and that he did not know "what was involved" with an OVI.

{¶21} Mr. White also called on Dr. Amon to testify regarding alcohol consumption, effect, and elimination. Dr. Amon stated that he had spent most of his career in emergency medicine and, though he stopped practicing medicine and voluntarily relinquished his medical license in 1987, for the last twenty-five years he has been a "medical/legal consultant." Dr. Amon testified that Mr. White's blood alcohol content level at 2:57 a.m. was .173. Based on the standard rate of elimination over the course of seven hours, he opined that Mr. White's blood alcohol content level at the time of his 10:00 a.m. court appearance would have been approximately .068.

{¶22} Dr. Amon testified that effect of alcohol on a person is related to that individual's body mass index. According to Dr. Amon, based on his height and weight as stated in the certified record, Mr. White would have had a very low body mass index at the time of his prior OVI conviction. Dr. Amon testified that the effects of alcohol at a blood alcohol content level of .06 to .09 involve "impaired judgment, impaired reasoning[,] and impaired self-control." He testified that those effects would be more profound in an individual with a lower body mass index. Ultimately, Dr. Amon did not offer a specific opinion as to whether Mr. White was impaired to such a degree that he was not capable of understanding or voluntarily waiving his right to counsel.

{¶23} In its ruling on the motion to strike, the trial court did not reject Mr. White's assertion that his blood alcohol content was approximately .068 when he entered his plea. Still,

the trial court declined to make the inference proposed by Mr. White that his waiver of the right to counsel was constitutionally infirm based on his blood alcohol content. The trial court concluded "[s]imply because [Mr. White] was under the influence of alcohol does not mean that his waiver of counsel was constitutionally infirm[;]" he would need to show that he "did not understand the implications of the plea or the rights he waived in entering that plea." Further, citing *State v. Fort*, 8th Dist. Cuyahoga No. 80604, 2002-Ohio-5068, ¶ 37, the trial court stated that, to show "his plea was invalid because of impairment [Mr. White] must show that he was prejudiced by the impairment[,]" and to show prejudice, Mr. White would need to "establish that the plea would not have been made but for the impairment."

{¶24} In its order, the trial court found

> that a blood alcohol level of approximately .068, by itself, does not necessarily show that [Mr. White] was impaired to the point that he did not have a broad understanding of the whole matter. A blood alcohol content of .068 is below the legal limit to drive, and Dr. Amon testified that the impact of a .068 blood alcohol content on a particular person varies. Additionally, while Dr. Amon testified that a .068 blood alcohol content may impair a person's judgment, reasoning, or self-control, Dr. Amon did not explain the extent of the potential impairments nor did he testify that a blood alcohol content of .068 would prevent a person from being capable of having a broad understanding of the whole matter.

The trial court concluded that Mr. White failed to demonstrate that his blood alcohol content impaired his ability to understand the implications of the waiver or the plea. The trial court further concluded Mr. White failed to show prejudice because he "did not present any testimony claiming that the outcome of the prior case would have changed if he had not been under the influence of alcohol when he entered his plea or that he would not have waived his right to counsel if he had not been under the influence of alcohol." Therefore, the trial court found that Mr. White had not made a prima facie showing that his prior conviction was constitutionally infirm and, consequently, found that the State had no burden to discharge.

{¶25}  In his merit brief, Mr. White acknowledges that "[j]ust because a particular [blood alcohol content] level exists, does not give rise to an inference that a person is or is not under the influence."  However, as noted above, the trial court did not find that Mr. White was *not* under the influence, but rather that he failed to show his blood alcohol limit had impaired his ability to waive his right to counsel.  Mr. White also contends that the trial court's reliance on *Fort* is misplaced.  Mr. White argues that the trial court erred by imposing an additional burden—one not imposed by *Brooke* or *Thompson*—requiring the defendant to show prejudice.

{¶26}  This Court concludes the trial court's additional analysis under *Fort* was unwarranted.  In *Fort*, the defendant sought to challenge his plea on the basis that the trial court failed to comply with the requirements of Crim.R. 11(C).  *Fort*, 2002-Ohio-5068 at ¶ 17.  That defendant argued that his plea was not made knowingly or voluntarily because he had informed the judge that he was under the influence of drugs or alcohol, but the trial court failed to further inquire as to whether he was able to make a knowing and intelligent plea.  *Id*. at ¶ 37-38.  *Fort* held that the defendant failed to show a prejudicial effect from the circumstances of the plea because nothing in the record would suggest that the defendant did not understand the rights he waived and the defendant did not argue that he would not have pleaded any differently.  *Fort* at 39-42.

{¶27}  Unlike *Fort*, Mr. White is not challenging the voluntariness of his plea in a direct appeal of his 1999 conviction.  The issue in the present matter is whether, for purposes of enhancing the penalty in his 2018 OVI charges, Mr. White's 1999 conviction was the result of an *uncounseled* no contest plea: i.e. whether it was obtained without a valid waiver of the right to counsel and, therefore, constitutionally infirm.  *Brooke*, 2007-Ohio-1533 at ¶ 9; *Brandon*, 45 Ohio St.3d at 86.  Thus, Mr. White had the burden to show, by a preponderance of the evidence, that he

did not knowingly, voluntarily, and intelligently waive the right to counsel. R.C. 2945.75(B)(3); *Thompson*, 2009-Ohio-314 at ¶ 7; *Tanner*, 2009-Ohio-3867 at ¶ 7.

{¶28} The trial court's reliance on *Fort* aside, this Court independently concludes that Mr. White failed to make a prima facie showing that his waiver of the right to counsel was constitutionally infirm and that his 1999 conviction was "uncounseled." The mere fact that a defendant is under the influence of alcohol would not invalidate a waiver absent evidence that the defendant was intoxicated to such a degree as to render the defendant incapable of understanding or voluntarily waiving his rights. *State v. Sneed*, 9th Dist. Summit No. 17660, 1996 WL 577699, *4 (Oct. 9, 1996) (affirming the trial court's finding that appellant knowingly, voluntarily, and intelligently waived her *Miranda* rights and confessed to the crime), citing *State v. Stewart*, 75 Ohio App.3d 141, 148-149 (11th Dist.1991). When considering the effect of intoxication due to consumption of alcohol on defendant's waiver of a constitutional right, the question is whether the defendant was impaired to a degree that would impede his or her abilities to reason. *Stewart* at 147.

{¶29} Considering Mr. White's testimony recalling that he was still very intoxicated when he entered his plea, the trial court found he did not establish that he was so impaired he was incapable of understanding and waiving his rights. Through his testimony, Mr. White acknowledged that he entered a no contest plea because he wanted to, as the court suggested, "get this over with" but asserts that he did so because he was naïve and unaware of "what was involved" with an OVI. Despite his alleged state of intoxication, Mr. White does not claim that he gave the trial court any indication that he was impaired or unable to understand the proceedings. More significantly, though Mr. White testified generally that he was intoxicated, naïve, and lacked a general understanding of what was going on, he did not claim that he was intoxicated to such a

degree that he was incapable of understanding and waiving his right to counsel. Furthermore, Dr. Amon testified that a blood alcohol content level of .068 may start to change one's thought process and, even though the individual is not "legally drunk" at that level, it could impair an individual's judgment, reasoning, and self-control. Dr. Amon did not provide any testimony to establish that Mr. White was so intoxicated that it would have impaired his ability to understand the implications of the waiver of the right to counsel.

{¶30} This Court concludes that Mr. White failed to present sufficient evidence to show that he was so intoxicated that it impaired his ability to reason or rendered him incapable of understanding or voluntarily waiving his right to counsel. Mr. White did not meet his burden to show, by a preponderance of the evidence, that his plea leading to the 1999 conviction was uncounseled—that he was unrepresented and did not validly waive his right to counsel—and, consequently, he failed to demonstrate that his plea was constitutionally infirm. Therefore, this Court concludes the trial court did not err by denying Mr. White's motion to strike his prior conviction. Mr. White's first assignment of error is overruled.

### Assignment of Error II

**The trial court errored in denying the [m]otion to [s]trike [p]rior [c]onviction.**

{¶31} In his second assignment of error, Mr. White argues that the trial court erred by denying his motion to strike the 1999 conviction. Mr. White contends that, upon his demonstration of a prima facie case of constitutional infirmity, the State failed to meet its burden to establish a valid waiver of the right to counsel.

{¶32} Mr. White has rested his argument upon a flawed premise. As we concluded in our resolution of the first assignment of error, the trial court did not err when it found that Mr. White failed to meet his burden to show his waiver of the right to counsel and his plea in the 1999

conviction was constitutionally infirm. Consequently, the burden did not shift and the State was not required to prove that Mr. White had validly waived representation. *Thompson*, 2009-Ohio-314 at ¶ 7. Therefore, Mr. White's second assignment of error is overruled.

## III.

**{¶33}** Mr. White's first and second assignments of error are overruled. The judgment of conviction in the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JULIE A. SCHAFER
FOR THE COURT

CALLAHAN, P. J.
TEODOSIO, J.
<u>CONCUR.</u>


<u>APPEARANCES:</u>

SCOTT R. COCHRAN, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, Assistant Prosecuting Attorney, for Appellee.